Edna E. DANGELO *v.* Ernest Ray NEIL and
Joann NEIL, His Wife

CA 82-459                                 661 S.W.2d 448

Court of Appeals of Arkansas
En Banc
Opinion delivered December 7, 1983

120

*Wilson, McNee & Vaughan, P.A.,* by: *Keith Vaughan,* for appellant.

*Robert M. Abney,* for appellees.

LAWSON CLONINGER, Judge. The issue on this appeal is whether the trial court erred by ruling that the consent of appellant, Edna Dangelo, the natural mother of Justin Dangelo, was not required for the adoption of Justin by appellees, Ernest Ray and Joann Neil. The court granted appellees' petition for adoption after finding that appellant's consent was not required, in that appellant had failed significantly, without justifiable cause, to communicate with or provide care and support for Justin for a period of over one year. We affirm the judgment of the trial court.

Under normal circumstances the consent of the natural mother of a child is required before that child may be adopted, but Ark. Stat. Ann. § 56-207 (Supp. 1983) provides for those instances when the consent of the natural parent is

not required. Section 56-207 provides in pertinent part as follows:

> (a) Consent to adoption is not required of: . . . .
> (2) A parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause,
> (i) to communicate with the child, or
> (ii) to provide for the care and support of the child as required by law or judicial decree.

Appellees had the burden of showing by clear and convincing evidence that appellant had failed significantly to support her son, without justifiable cause, for any consecutive period constituting a total of one year. *Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979).

The child, then two years old, came to appellees' home on February 10, 1979, and on May 5, 1981, appellant filed her petition for a writ of habeas corpus. The child lived with appellees continuously during that 51-month period except for a few weekends spent with appellant during the first year. The longest period of visitation with the mother was one six-day period. During the first year, the mother made occasional visits to the child, but there was no communication at all between the mother and child from April, 1980 to May, 1981. During the first fourteen months the child was with appellees, the appellant contributed less than $100 for the care and support of her son. For the period between April, 1980 and May, 1981 she made no contribution.

There is ample evidence to support a finding that appellant had no communication with her son for a period in excess of one year, and that she made no significant contribution toward the care and support of the child for a period in excess of two years. The troublesome question is whether appellant's failure was without justifiable cause.

There is evidence that appellees gave appellant cause to believe that no contribution was expected from her. Soon after the child was taken into appellees' home, appellee Joann Neil told appellant that "You owe me. If you take a

notion to take out on the truck and leave with your boyfriend, call us and bring him to us." On another occasion, appellees returned a $30 contribution to appellant because they thought appellant needed the money to attend her brother's funeral. Whether appellees expected or requested contributions from appellant is not the determining factor. A parent has the obligation to support a minor child, and no request is necessary. Ark. Stat. Ann. § 57-633 (Repl. 1971). It was also appellant's legal obligation independent of statute. *Brown* v. *Brown,* 233 Ark. 422, 345 S.W.2d 27 (1961).

Appellees caused appellant to be arrested in April, 1980, for taking the child, and appellant testified that she was apprehensive about visiting the child because of appellees' attitude. However, appellant was never denied permission to visit with her son at any time during the 51-month period. In any event, in April of 1980 more than a year had already passed without significant contribution by appellant for the care and support of her son. "Failed significantly" certainly does not mean "failed totally." It only means that the failure to communicate or support must be significant, as contrasted with an insignificant failure. It denotes a failure that is meaningful or important. *Pender* v. *McKee, supra.*

Appellant testified that she did not communicate with her son during the period from April, 1980 to May, 1981 because her attorney had told her that all communication between the parties should be made through the attorneys. The trial judge rejected this assertion, stating that it was hard for him to believe that an interested mother would not try to get in touch with her child for a year. We agree. There was evidence that appellant had the custody of her other three children during a portion of 1981, and there is evidence that she was employed and could have made some contributions toward the support of Justin.

Appellant contends that the phrase "in the custody of another," as used in Ark. Stat. Ann. § 56-207 (a) (2), *supra,* means lawful custody. Appellant is correct in her contention that there was no valid court order awarding custody of the child to appellees, but appellant cites no authority for the

proposition that there can be no lawful custody without a court order. We are not persuaded by her argument. The evidence indicates that the child was in the custody of appellees for many months with the consent of appellant, and that appellant formally withdrew that consent only shortly before appellees filed their petition for adoption. Appellees had custody of the child lawfully, in the sense that the custody was not unlawful.

Rule 52 (a) of the Arkansas Rules of Civil Procedure provides that findings of fact by a trial court shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial judge to judge the credibility of the witnesses. Under this rule and under the evidence in this case, the findings of the trial judge are not clearly against the preponderance of the evidence.

Judgment affirmed.

GLAZE, J., dissents.