Marsha CLAYTON *v.* Tommy CLAYTON

88-224                                              760 S.W.2d 875

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Virginia "Ginger" Atkinson* and *Roy Finch,* for appellant.

*Gregory E. Bryant,* for appellee.

TOM GLAZE, Justice. This is an appeal from the special chancellor's finding that appellee's unliquidated personal injury claim under the Federal Employers' Liability Act (FELA) was not marital property under Ark. Code Ann. § 9-12-315(b)(6) (Supp. 1987). In her appeal, the appellant relies on our earlier opinion in *Bunt* v. *Bunt,* 294 Ark. 507, 744 S.W.2d 718 (1988), in arguing that the chancellor's finding is erroneous. We agree to the extent that part of the appellee's claim should be considered marital property, and therefore reverse and remand.

The parties were married on May 6, 1980, and they separated sometime in May of 1985. Appellee injured his back while working for Missouri Pacific Railroad in July of 1986, and filed a claim under the FELA. The appellee filed a complaint for divorce on May 5, 1987. At the divorce hearing on August 21, 1987, Bob Monroe, the claims manager for the railroad, testified that negotiations had not begun yet on the claim, because time was needed for the medical condition to stabilize. The chancellor issued the decree of divorce on January 6, 1988, finding, among other things, that the appellant was not entitled to any of the benefits to be received from the appellee's FELA claim because those benefits were not marital property.

Appellant's reliance on *Bunt* is well founded. There, in a four-to-three decision, this court addressed a similar fact situation, and held that a spouse's personal injury claim which has not, as yet, been made the subject of a complaint or offer of settlement at the time of the divorce is still considered marital property as that term is defined in Ark. Code Ann. § 9-12-315(b) (1987). *Bunt*, 294 Ark. 507, 744 S.W.2d 718. Thus, it would appear that this court's decision in *Bunt* is controlling and supports the appellant's view that appellee's unliquidated personal injury claim is marital property and is distributable as such. The legislature, however, amended our marital property provision by enacting Act 676 of 1987, which took effect after the *Bunt* decision.[1] Act 676, compiled as Ark. Code Ann. § 9-12-315(b)(6) (Supp. 1987), excludes certain benefits and portions or elements of personal injury claims from marital property and that Act reads in pertinent part as follows:

> (b) For the purpose of this section "marital property" means all property acquired by either spouse subsequent to the marriage except:
>
> * * *
>
> (6) Benefits received or to be received from a workers' compensation *or personal injury claim when those benefits are for any degree of permanent disability or future*

---

[1] Since Act 676 contained no emergency clause, it became effective on July 20, 1987, or ninety days after the legislature adjourned.

*medical expenses.* (Emphasis added.)

■ Appellant argues that all of appellee's personal injury claim should be considered marital property under the *Bunt* holding, because Act 676 took effect *after* the date of appellee's injury. We cannot agree. This court has previously held that an act that is effective at the time of the divorce decree is applicable law pertaining to the division of property. *See Ford* v. *Ford*, 272 Ark. 506, 616 S.W.2d 3 (1981); *Noble* v. *Noble*, 270 Ark. 602, 605 S.W.2d 453 (1980). Because Act 676 was clearly in effect at the time the divorce decree was entered, the chancellor was required to consider the Act when he decided the parties' marital property interests.

■ Next, the appellant argues that the appellee's FELA claim is not covered by the exception, since it is not a workers' compensation claim. While the appellant is certainly correct that a FELA claim is not one for workers' compensation, Act 676 clearly provides that it applies to certain benefits received from a personal injury claim. Appellee's FELA claim certainly arises out of bodily injuries he sustained as a railroad employee; therefore, the language under Act 676 is obviously controlling.

■ Although Act 676 had passed but was not effective when *Bunt* was decided, we did note that the General Assembly, through that Act, excepted from marital property only those benefits from an unliquidated personal injury claim that would be for any degree of permanent disability or future medical expenses. With these specific benefits excepted, the remaining benefits or elements of damage from one's personal injury claim are subject to division as marital property pursuant to Ark. Code Ann. § 9-12-315(a)(1)(A).

In anticipating that a part of appellee's FELA claim might be found distributable, appellee requests that we hold, on *de novo* review, that appellant still be denied any such benefits. While this court has the authority in an equity case to decide a case on *de novo* appeal, we find the record before us insufficient to do so. Therefore we must remand this cause to the trial court for further proceedings and findings necessary to determine the benefits, if any, from appellee's FELA claim that must be considered as marital property and distributed in accordance with § 9-12-315(a)(1)(A) and (B).

HICKMAN and PURTLE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. There seems to be no end to the imagination of the majority of the members of this court relating to what marital property consists of when one spouse receives an injury giving rise to a claim for income or money damages. *Bunt* v. *Bunt*, 294 Ark. 507, 744 S.W.2d 718 (1988), is clearly distinguishable from the case before us. *Bunt* was decided before the effective date of Ark. Code Ann. § 9-12-315(b)(6) (Supp. 1987) (Act 676 of 1987).

Act 676 was the fourth attempt by the General Assembly since the effective date of Act 705 of 1979 to stabilize the distribution of marital property formula. Obviously the legislature recognizes the inconsistencies of our decisions since *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981), when this court first went astray in its interpretation of Act 705. One very obvious purpose of Act 676 was to correct this court's decisions in *Goode* v. *Goode*, 286 Ark. 463, 692 S.W.2d 757 (1985); and *Lyles* v. *Lyles*, 289 Ark. 159, 711 S.W.2d 447 (1986). Two previous attempts to correct these errors by the court had failed. This court is hard-headed and at times legislates when it decides it knows what the law ought to be. It looks like the General Assembly will have to make a fifth effort to write a law which this court understands.

In the present case the parties had been separated more than a year before the appellee was injured. In my opinion nothing could be more personal than an injury to one's body. Obviously pain and suffering, and mental anguish and medical expenses must be borne only by the appellee. Certainly if he receives a money award for loss of wages or loss of ability to earn it should be considered by the court in dividing the marital assets and in setting support and alimony payments.

I would affirm the special chancellor.

HICKMAN, J., joins this dissent.