Eligie Edward PARDON *v.* Juanita PARDON

CA 89-248                                              782 S.W.2d 379

Court of Appeals of Arkansas
Division II
Opinion delivered January 24, 1990

*Griffin, Rainwater & Draper, P.A.,* by: *Gary M. Draper,* for appellant.

*Gibson & Deen,* by: *Charles S. Gibson,* for appellee.

MELVIN MAYFIELD, Judge. In this appeal, the appellant contends that the chancellor abused his discretion in awarding child support retroactively.

On April 5, 1988, appellee Juanita Pardon filed a petition for change of custody alleging that since the parties' divorce their minor child, David, had moved into her home and desired to be placed in her custody. The appellee also asked that the appellant be required to pay a reasonable amount for David's support and benefit.

At a hearing held January 25, 1989, appellee testified that David was 16 years old and had been with her for eleven months during which time she had received no support from appellant. Appellee also testified that she ran a bait shop and florist shop; that she was having a hard time making it financially; that her oldest son, Alan, has had to stay out of school to work and help her pay the bills; and she had to borrow money.

The appellant testified that he had provided the home and support for David until he left to live with his mother. Although there was evidence that appellant's gross pay for 1988 was $30,000.00, appellant testified he was not doing so well financially because he had remarried; had to completely rebuild his life; and had to start all over buying appliances and clothing.

The appellant argues that the chancellor abused his discretion when he ordered child support retroactive to April 5, 1988, instead of ordering the support to commence as of January 25, 1989, the date of the hearing. Appellant cites *Franklin v. Franklin,* 25 Ark. App. 287, 758 S.W.2d 7 (1988), and *Stracener v. Stracener,* 6 Ark. App. 1, 636 S.W.2d 877 (1982), in support of his argument.

In *Stracener*, the parties entered into a settlement agreement which was approved by the trial court and made a part of its divorce decree. The agreement contained a provision requiring the husband to pay his wife $400.00 per month alimony "as long as she remains single and living as a single person." There was evidence that on April 1, 1981, the divorced wife allowed a man to move into her home and live with her under circumstances that violated the requirement that she live "as a single person." The former husband stopped making the alimony payments and at a hearing on September 22, 1981, the trial court held that the alimony obligation stopped as of April 1, 1981. This court affirmed the trial court's holding in spite of the argument that the trial court had remitted past due payments. In *Franklin*, the trial court awarded alimony to begin as of the date of the court's letter opinion, although the court's decree was not entered until later. This court affirmed, saying the date the alimony began was "a decision within the broad discretion of the chancellor."

The *Stracener* and *Franklin* cases show that the date alimony begins and stops will depend upon the circumstances of the case and the discretion of the chancellor. In 27C C.J.S. *Divorce* § 684 (1986), it is stated:

> The commencement date of an award of child support is a matter within the discretion of the trial court. It has been held proper to make child support payable from the date of the divorce or dissolution decree or from the date of the order or decree granting child support.

> In an appropriate case, it is within the discretion of the court to make an order for child support retroactive to an earlier date where it appears that the needs of the child existed as of that date. However, it has been held that child support payments may not be ordered to commence earlier than the date the divorce action was commenced.

> Thus, in various instances it has been held proper for the court to fix the effective date of an order of child support from the date of filing of the petition or complaint, or from the date of the trial, or from the date of the parties' separation.

In the instant case, the evidence is clearly sufficient to

establish that the appellant's minor child left his father's house to live with his mother approximately eleven months before the hearing in this case. As the hearing was held on January 25, 1989, this means that the child began living with his mother in February of 1988. On April 5, 1988, after the child had lived with her for over a month, the mother filed a petition in which she requested that the father be required to pay a reasonable amount for the support and benefit of the child. Under the circumstances in this case, we find no abuse of discretion in the chancellor's ordering child support payments retroactive to the date of the filing of the mother's petition.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.