B. Ray HEFLIN *v.* Gwen K. Heflin BELL

CA 95-105                                           916 S.W.2d 769

Court of Appeals of Arkansas
Division III
Opinion delivered March 6, 1996
[Petition for Rehearing denied April 17, 1996.]

*Dewey Moore*, for appellant.

*Price Law Firm*, by: *Dale Price*, for appellee.

JOHN F. STROUD, JR., Judge. Gwen and Ray Heflin were divorced in 1986. The divorce decree incorporated a property settlement stating that the wife would have custody of the minor child and that the husband would pay $350.00 monthly for support and maintenance of the child. In 1989, after Ms. Heflin had moved from Arkansas to Tennessee, the court adjusted the summer visitation of Mr. Heflin but refused to increase the child support as urged by Ms. Heflin. Ms. Heflin subsequently moved to Plano, Texas, and Mr. Heflin moved to Atlanta, Georgia. In November and December of 1992, Ms. Heflin filed motions on various matters relating to the property settlement and again asked for an increase in child support. A hearing was held in February of 1994 on several motions alleging, among other things, that Mr. Heflin was in arrears in child support and that there had been a change in circumstances warranting an increase in child support. At the hearing, there was evidence of a substantial increase in Mr. Heflin's income since the time of the divorce decree. The chancellor made several findings regarding child support arrearages, health insurance and medical expenses. Mr. Heflin does not contest those findings. He appeals from the portion of the order finding that monthly support payments should be increased from $350.00 per month to $928.42 and that the increase should be retroactive to January 1993. We affirm.

We will consolidate appellant's first two points into one issue as he did in his brief. The issue appellant presents is whether the Arkansas Supreme Court's per curiam on guidelines

for child support, *In re Guidelines for Child Sup. Enforce.*, 305 Ark. 613, 804 S.W.2d XXVIII (1991) (interpreting Act 948 of 1989, amending Ark. Code Ann. §9-12-312(a)), requires a party moving for modification of a child support order to offer evidence of a change of circumstances other than an increase in the non-custodial parent's income. Appellant argues that under the per curiam and case law, the trial court was required to consider the totality of the present circumstances of the parties in determining the requested modification of the child support order. We agree with appellant that the guidelines for child support must be followed; however, appellant relies upon *In re Guidelines for Child Sup. Enforce.*, 305 Ark. 613 (1991), and cases following the guidelines of that per curiam, such as *Roland v. Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993). Although that per curiam was in effect at the time the petition to modify child support was filed, we point out that a subsequent per curiam was issued by the Arkansas Supreme Court in October of 1993.

██ The Arkansas Supreme Court has held that the statute in effect at the time of a divorce decree is the applicable law pertaining to the division of property. *Clayton v. Clayton*, 297 Ark. 342, 760 S.W.2d 875 (1988). Consistent with the holding in *Clayton v. Clayton*, we hold that a statute or per curiam order of the Arkansas Supreme Court that is in effect at the time of the hearing on the request for modification of child support is the applicable law pertaining to the modification. In the case now before us the issue is controlled not by the per curiam of 1991, which was in effect at the time appellee's petition was filed, but by the per curiam in effect at the time of the modification, *In re: Guidelines for Child Support*, 314 Ark. 644, 863 S.W.2d 291 (1993), and by Ark. Code Ann. § 9-14-107(a) (Repl. 1993).[1]

We first point out language in the 1991 per curiam which is not included in the per curiam of 1993. The 1991 per curiam, upon which appellant relies, contains the following paragraph:

> In publishing its per curiam, this Court recognizes that the trial court has continuing jurisdiction to modify

---

[1] Ark. Code Ann. § 9-14-107 (Repl. 1993) has since been amended by Act 1184 of 1995, codified at Ark. Code Ann. § 9-14-107 (Supp. 1995).

child support orders to advance the welfare of the child when there is a material change in circumstances. Approval of the Family Support Chart by this Court does not per se create a material change in circumstances. In determining requested modifications of child support orders entered prior to the effective date hereof, the trial court should consider the totality of the present circumstances of the parties and avoid modifications that would work undue hardship on the parties or any persons presently dependent thereon.

*In re Guidelines for Child Sup. Enforce.*, 305 Ark. at 618. (Internal citations omitted.) The paragraph is identical to that found in *In 're Guidelines for Child Sup. Enforce.*, 301 Ark. 627, 784 S.W.2d 589 (1990). In the past this court has quoted the paragraph and used language compatible with it in determining modification of child support. *See Roland v. Roland*, 43 Ark. App. at 67. The per curiam of 1993 is very similar to the per curiam of 1991, but the above-quoted paragraph is omitted and, therefore, not applicable to child support matters decided after the 1993 per curiam was issued.

Turning to the case now before us, we apply the statute which determines whether a change in payor's income warrants consideration of a petition for modification of a child support order:

Upon application to a court of competent jurisdiction for the purpose of modification of a child support award, a change in gross income, as defined in subsection (b) of this section, of the payor in an amount equal to or more than twenty percent (20%) or more than one hundred dollars ($100) per month shall constitute a material change of circumstances sufficient to petition the court for review and adjustment of the child support obligated amount according to the family support chart after appropriate deductions.

Ark. Code Ann. § 9-14-107(a) (Repl. 1993).[2]

---

[2] Before the 1993 amendment, Ark. Code Ann. § 9-14-107(a) (Supp. 1991) stated: Upon application to a court of competent jurisdiction for the purpose of modification of a

At the time of the parties' divorce in 1986, appellant had supplied the court with an affidavit of financial means which showed his weekly gross wages as $1105.00 and his take-home pay as $670.00, which was $34,840.00 annually. At the hearing in February of 1994 on modification of support, the chancellor found from the evidence presented that appellant's gross income was $129,667.61 as of January 1, 1993. After all deductions mentioned in the child support chart were subtracted, she found that appellant's net pay was $85,697.00 as of January 1, 1993.

■ Appellant contends that appellee did not meet her burden of proof in that she did not establish that the child's needs had increased and that the chancellor erred in finding that appellee had met her burden of proof by simply introducing evidence of the increase in appellant's income. Arkansas Code Annotated § 9-14-107(a) (Supp. 1993), which controls our decision along with the 1993 per curiam, was the statute in effect at the time of the hearing. Under a prior statute, a change in the payor's income of ten percent (10%) was sufficient to support a determination of changed circumstances and an increase in child support pursuant to the chart. Under Ark. Code Ann. § 9-14-107(a) (Supp. 1993), the specified change in the payor's income does not necessarily support the determination but merely constitutes a material change of circumstances sufficient to allow the petition to the court for its review and adjustment of child support.

■■ Although we review chancery cases de novo on the record, we do not reverse unless the chancellor's findings are clearly against the preponderance of the evidence or are clearly erroneous. *Jones* v. *Jones*, 51 Ark. App. 24, 907 S.W.2d 745 (1995). A chancellor's determination as to whether there are sufficient changed circumstances to warrant an increase in child support is a finding of fact, and this finding will not be reversed unless it is clearly erroneous. *Irvin* v. *Irvin*, 47 Ark. App. 48, 883 S.W.2d 862 (1994).

Appellant also contends that the chancellor erred in not per-

---

child support award, a change in income of the payor in an amount equal to ten percent (10%) of income shall be sufficient for a determination by the presiding judge of changed circumstances to warrant a change in the child support obligated amount.

mitting him to inquire about appellee's lifestyle and the needs of the minor child and in refusing to take into account appellant's increased living expenses in Atlanta, Georgia, compared to those in Little Rock. After the chancellor sustained an objection to appellant's questioning of how appellee spent her child support each month, appellant made no further attempts to inquire into appellee's lifestyle. In his proffer to the Court as to what he intended to offer into evidence through the appellee during cross examination, the subjects were transportation, things appellant bought for the child, and life insurance and health insurance purchased by appellant. Appellee subsequently answered his questions about transportation and health insurance premiums, and appellant asked no further questions of her. On redirect, appellee answered questions about an orthodontist bill.

■ The record shows that evidence of appellant's increased living expenses was admitted. Appellant's exhibit 2, a chart showing his increased monthly living expenses since moving to Georgia, was admitted into evidence. Thus, appellant's complaint is not justified that the chancellor refused to take into consideration appellant's increase in expenses in Georgia. We find the court acted properly in reviewing the circumstances to determine if an adjustment in child support was warranted.

■ Appellant also complains that the lower court should have considered the relocation expenses in arriving at appellant's income for support purposes. He has not, however, brought up a record sufficient for us to determine this issue. Appellant's abstract and brief show the admission into evidence of appellant's 1992 W-2's and a certified public accountant's letter to appellant "explaining moving expenses included in this W-2 form for 1992." The letter states that appellant's 1992 income per W-2's was $153,222.14, that the moving expenses paid by the employer amounted to $11,965.60, and that the difference was $141,256.54. As we previously noted, the chancellor found that appellant's gross pay as of January 1, 1993, was $129,667.61, an amount less than that figured by appellant's accountant. Absent from the abstract is a showing of which items were deducted from the gross pay of $141,256.54 as shown on the W-2's in arriving at the lesser amount of $129,667.61. It may be that the Chancellor did not make specific findings on this matter, but it is appellant's burden to bring up a record showing

that the trial court erred. We cannot determine this issue because appellant has not abstracted proof that the chancellor did not deduct the relocation expenses from his gross salary.

Having determined that the court did not err in awarding an increase in child support, we turn to appellant's remaining point of error: that the court erred in making the increase retroactive. In *Pardon* v. *Pardon*, 30 Ark. App. 91, 782 S.W.2d 379 (1990), a mother filed a petition for a change of custody after the parties' sixteen-year-old son moved into her home and desired to be placed in her custody. The hearing was held nine months later. We found no abuse of discretion in the chancellor's ordering support payments retroactive to the date of the filing of a petition. *Pardon* v. *Pardon*, 30 Ark. App. at 94. Here the petition was filed in 1992, the hearing was held in 1994, and the chancellor made a finding of the father's income as of January 1, 1993. We find no abuse of discretion in the chancellor's ordering support payments retroactive to January 1993.

For the reasons above, the decision of the chancellor is affirmed.

MAYFIELD and NEAL, JJ., agree.