Gary Wayne NASON *v.* STATE of Arkansas Child Support Enforcement Unit

CA 95-1059                                               934 S.W.2d 228

Court of Appeals of Arkansas
Division III
Opinion delivered December 4, 1996

*Parker & Parker,* by: *Wayland A. Parker, II,* for appellant.

*Mark Woodville.* for appellee.

JOHN E. JENNINGS, Chief Judge. Marie Brothers and Gary Wayne Nason were married in the 1970's and had three sons. In their 1978 divorce, Ms. Brothers was awarded custody of the children but no child support was ordered. Ms. Brothers subsequently assigned her rights to child support to the State of Arkansas, and the Office of Child Support Enforcement filed a petition for prospective and retrospective support on December 7, 1995.

Following a hearing on the petition the chancellor ordered appellant to pay child support in the amount of $51.00 per week and awarded a judgment to the State for retrospective support totaling $15,600.000 over a five-year period.

The only issue raised on appeal is whether the trial court had authority to award a judgment for retrospective child support. The propriety of the amount awarded is not at issue. We find no error and affirm.

Appellant's argument is based primarily on Ark. Code Ann. § 9-14-236(b), which states:

> In any action involving the support of any minor child or children, the moving party shall be entitled to recover the full amount of accrued child support arrearages from the date of the initial support order until the filing of the action.

Appellant contends the statute means that the court cannot award support for any time prior to "the date of the initial support order."[1] Appellant also argues that *Green* v. *Bell*, 308 Ark. 473, 826 S.W.2d 226 (1992), which was relied on by the appellee at trial, has no application because it is a paternity case.

The Arkansas Supreme Court has long held that a parent has a legal duty to support his minor child regardless of the existence of a support order. *See e.g.*, *Holt* v. *Holt*, 42 Ark. 495 (1883); *McCall* v. *McCall*, 205 Ark. 1123, 172 S.W.2d 677 (1943). It is true that *Green* v. *Bell*, cited above, was a paternity case, but in *Green* the court held that an award of past child support rests upon the equities of the particular case. It is not limited to reimbursement only but

---

[1] While it could be argued that the case involves a question of statutory interpretation under Ark. R. S. Ct. Rule 1-2(a)(17)(vi), the supreme court has declined certification.

rather to an amount that is fair and equitable. On this point the *Green* court cited *Ryan* v. *Baxter*, 253 Ark. 821, 489 S.W.2d 241 (1973). *Ryan* was a divorce case in which the decree was silent as to child support. It would thus seem clear that, apart from the statute, there is adequate authority for the chancellor's award of past support.

We do not agree that Ark. Code Ann. § 9-14-236(b) changes the law in this regard. In interpreting statutes, words are to be given their ordinary meaning and an attempt should be made to give effect to the intent of the legislature. *See State* v. *Gray*, 322 Ark. 301, 908 S.W.2d 642 (1995). The purpose of the statute appears to be to prohibit a court from reducing the arrearages from periodic child support after the payments have already fallen due. We see no indication that the General Assembly intended by the passage of this provision to abrogate the general rule that a parent is legally obligated to support his minor child even in the absence of a court order.

For the reasons stated the decision of the chancellor is affirmed.

Affirmed.

PITTMAN, J., and HAYS, S.J., agree.