Garry Wayne YELL *v.* Elizabeth Faye YELL

CA 96-515                                    939 S.W.2d 860

Court of Appeals of Arkansas
Division II
Opinion delivered March 19, 1997

*Xollie Duncan*, for appellant.

No response.

ANDREE LAYTON ROAF, Judge. Garry Wayne Yell appeals from an order of the chancery court which awarded Elizabeth Faye Yell child support retroactive to 1991, pursuant to a petition to modify support which she filed in 1994. The chancellor based his award of back support upon a common-law duty to support. We agree that the chancellor abused his discretion in imposing retroactive support, and reverse.

Garry Wayne Yell and Elizabeth Faye Yell were divorced in 1982. The decree awarded Elizabeth custody of the Yells' only child, Ty Logan Yell, and ordered Garry to pay $100 per month for child support. On August 10, 1988, the court modified the divorce decree, pursuant to an agreement between the Yells made with benefit of counsel, whereby Elizabeth would retain primary custody, but Garry's visitation was significantly expanded to the extent that a shared-custody arrangement effectively existed. The order also terminated Garry's support obligation.

In March of 1991, Ty began living with Elizabeth full time, but continued to spend time with Garry on a regular basis. Garry contributed toward his son's support, albeit on an informal basis. On June 14, 1994, Elizabeth filed a petition to modify the August 10, 1988, order to again start receiving child support. In July 1994, Garry estimated the chart amount of support he would be liable for and began to voluntarily pay $250 per month. Elizabeth later amended her petition to also seek retroactive support back to the time that she resumed full custody in 1991.

After a hearing, the chancellor entered an order on July 12, 1995, finding that a private agreement between the Yells ended the shared-custody arrangement approximately four years prior to

Elizabeth's June 14, 1994, filing of a petition to modify the August 10, 1988, order. Pursuant to this finding, the court charged Garry with a common-law duty of support and assessed him $172 per month for the years 1991, 1992, and 1993, for a total of $6,192.00, less a credit of $4,031.52 based on various receipts and records provided by Garry. Finally, the court ordered Garry to continue to pay the $250 per month in regular support that he began paying voluntarily in July 1994. Garry appeals from the order granting a judgment for support prior to the June 14, 1994, filing of the petition to modify.

Garry raises a single issue: that the trial court erred in retroactively imposing a financial obligation for support prior to the date of filing of the petition for modification. Garry contends that Arkansas law does not allow a chancery court to make retroactive changes in a person's child-support obligation. He relies upon *Reigler v. Reigler*, 246 Ark. 434, 438 S.W.2d 468 (1969), as support for this proposition. He further contends that any change to an existing order must be made by a court, and that the agreement to end the shared-custody arrangement was not effective in modifying the 1988 order. Garry submits *Sheffield v. Strickland*, 268 Ark. 1148, 599 S.W.2d 422 (1980), as his authority. We agree with both contentions.

It is well settled that a parent has a legal duty to support a minor child regardless of the existence of a support order. *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 924 (1979); *Nason v. State*, 55 Ark. App. 164, 934 S.W.2d 228 (1996); *Dangelo v. Neil*, 10 Ark. App. 119, 661 S.W.2d 448 (1983). Moreover, retroactive support is not illegal, and is often awarded when an initial support order is entered. *See, e.g., Nason, supra; Pardon v. Pardon*, 30 Ark. App. 91, 782 S.W.2d 379 (1990). *See also Wilder v. Garner*, 235 Ark. 400, 360 S.W. 2d 192 (1962) (mother awarded back child support where divorce decree granting custody made no provision for support).

However, retroactive modification of a court-ordered child-support obligation may only be assessed from the time that a petition for modification is filed. Ark. Code Ann. § 9-14-234 (Supp. 1995); *Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 21

(1991); *Heflin v. Bell*, 52 Ark. App. 201, 916 S.W.2d 769 (1996). Additionally, it is well settled that a support order by a court of competent jurisdiction remains in force until modified by a subsequent decree, or in limited situations by operation of law. *Burnett v. Burnett*, 313 Ark. 599, 855 S.W.2d 952 (1993); *Laroe v. Laroe*, 48 Ark. App. 192, 893 S.W.2d 344 (1995).

■ A chancellor has discretion to set the amount of child support, and his findings in this area will not be disturbed absent an abuse of discretion. *Creson v. Creson*, 53 Ark. App. 41, 917 S.W.2d 553 (1996); *Irvin v. Irvin*, 47 Ark. App. 48, 883 S.W.2d 862 (1994). Absent a specific finding of fraud in procuring an existing support decree, however, it is an abuse of discretion to impose a retroactive modification of a support order beyond the filing date of a petition to modify. *Beavers v. Vaughn*, 41 Ark. App. 96, 849 S.W.2d 6 (1993).

■ In this case, Elizabeth sought modification of an existing court-ordered support provision, i.e., that neither party pay support because of a shared-custody arrangement. Consequently, the cases in which an award of retroactive support has been upheld are inapplicable to the facts of this case, and we hold that the chancellor abused his discretion in retroactively modifying Garry's support obligation to embrace a period of time before Elizabeth filed her petition to modify. Because this Court reviews chancery cases de novo on the record, we accordingly find that Garry's support obligation applies only from the filing date of the petition to modify. Because the chancellor allowed a credit in excess of the arrearage which would result, that part of the July 12, 1991, order granting judgment against Garry in the amount of $2,160.48 is reversed.

Reversed.

ROBBINS, C.J., and GRIFFEN, J., agree.