OFFICE of CHILD SUPPORT ENFORCEMENT  *v.*
Grant E. GOFF

CA 06-119                                                          240 S.W.3d 133

Court of Appeals of Arkansas
Opinion delivered September 27, 2006

*Melinda J. Warren,* OCSE Attorney Specialist and *J. Shane Baker,* OCSE Attorney Supervisor, for appellant.

*Lody & Arnold,* by: *Wesley G. Lody,* for appellee.

KAREN R. BAKER, Judge. Appellant, Office of Child Support Enforcement (OCSE), asserts two points of error in

the trial court's decision in this case. It alleges that the trial court erred in remitting or voiding the arrears that accrued under the parties' divorce decree for the time that appellee did not have physical custody of the dependents. Appellant also alleges that the trial court erred in not properly offsetting the support owed by the appellee while he had physical custody of the dependents pursuant to Arkansas Code Annotated section 9-14-234, which provides that a court may offset against future support to be paid those amounts accruing during time periods . . . in which the noncustodial parent had physical custody. We affirm as modified.

The trial court in this case refused to find appellee in contempt for failure to pay child support and found that appellee was entitled to a credit of child support from June 24, 1999, through August 1, 2002. The divorce decree between appellee, the payor father in this case, and the mother was filed on June 25, 1999. The decree awarded the mother custody of the parties' two minor children (then three and one years of age), and ordered appellee to pay child support to the mother through the clerk's office at the rate of $85 per week. The decree also granted a judgment against appellee for retroactive child support in the amount of $1050 toward which the court ordered appellee to pay an additional $20 per week until the entire amount was paid.

Subsequent to the filing of the decree, no other action or filing was taken until July 26, 2005, when appellant filed its motion to intervene simultaneously with a motion for citation alleging that appellee had willfully refused and failed to comply with the support order and should be jailed. The motion alleged that appellee had accrued an arrearage in the amount of $24,125 as of May 27, 2005, and that the State of Arkansas was entitled to judgment. The motion also requested affirmative relief, asking the court to order appellee to secure and maintain health care insurance coverage as available through his place of employment, or another group plan, if not already provided by appellee.

The circuit court granted intervention and issued an order to appear and show cause. Appellee timely answered and filed his motion for contempt and for credit for child support provided by him. He asserted that he had provided support for the children by allowing the children and mother to live in housing provided to him as part of his compensation for labor to his employer, valued at $350 a month, and for providing the sole support for the children for a year when the children lived with him. The testimony at trial supported these allegations.

At trial, the OCSE's attorney informed the court that it had intervened in the action and was pursuing the payment of the support by, and an arrears judgment against, appellee upon the request of the Attorney General's Office of the State of Texas, made pursuant to the Uniform Interstate Family Support Act. Counsel explained that the mother of the parties' two children and the children had moved their residence to Texas. With this explanation, OCSE called its only witness, an investigator employed by OCSE whose job included the monitoring and tracking of appellee's payment history of child support and calculation of arrearages.

The trial court ruled from the bench and stated that it was giving appellee credit from the date of the divorce through the end of July 2002, finding support paid in full for that time period, with any arrearage accruing from August 1, 2002. The court explained to appellee that he must understand that his future support payments were to be tendered through the appropriate administrative agency in order to properly obtain credit for future payments. The court also found that appellee was not in contempt of the court's prior orders and denied attorney fees and costs. The written order was filed on November 7, 2005. Rather than stating that the court had found that appellee had paid support, thus finding the child-support judgment satisfied, the order stated that appellee was entitled to "an abatement" of child support from June 24, 1999, through August 1, 2002.

The standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *See Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004). Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005). A finding is clearly erroneous when, even though there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Adametz v. Adametz*, 85 Ark. App. 401, 155 S.W.3d 695 (2004). In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005).

Appellant concedes that it can make no argument that the circuit court clearly erred in finding that appellee supported the

children during the time they were in their mother's custody by providing their housing with its rental value. Neither can it challenge the finding that appellee provided the sole support for the children for the year they were in his sole custody. Therefore, appellant presents no argument that the trial court erred in finding that appellee had provided support for the children, although the provision of the support was non-conforming with the court's decree that ordered the support to be paid through the court clerk.

Although appellant makes no challenge to the trial court's finding that the child support was paid, appellant nevertheless asserts that the trial court erred, insisting that appellee never filed any affirmative pleading to modify his support obligation under the decree and argues that he failed to properly plead and prove one of the equitable defenses. Appellant sets forth no argument or law supporting the proposition that a trial court's finding that a child-support obligation has been satisfied through a non-conforming payment somehow modifies the original judgment.

Appellant's confusion may arise from the use of the word "abatement" in the written order. The term "abatement" includes the definition of "[t]he suspension or cessation, in whole or in part, of a continuing charge." *Black's Law Dictionary* 4 (6th ed.1990). The retroactive suspension or cessation of a validly entered continuing support order would qualify as a retroactive modification and is prohibited:

> It is well settled that a parent has a legal duty to support a minor child regardless of the existence of a support order. *Pender v. McKee,* 266 Ark. 18, 582 S.W.2d 929 (1979); *Nason v. State,* 55 Ark. App. 164, 934 S.W.2d 228 (1996); *Dangelo v. Neil,* 10 Ark.App. 119, 661 S.W.2d 448 (1983). Moreover, retroactive support is not illegal, and is often awarded when an initial support order is entered. *See, e.g., Nason, supra; Pardon v. Pardon,* 30 Ark. App. 91, 782 S.W.2d 379 (1990). *See also Wilder v. Garner,* 235 Ark. 400, 360 S.W.2d 192 (1962) (mother awarded back child support where divorce decree granting custody made no provision for support).

> However, retroactive modification of a court-ordered child support obligation may only be assessed from the time that a petition for modification is filed. Ark. Code Ann. § 9-14-234 (Supp.1995); *Grable v. Grable,* 307 Ark. 410, 821 S.W.2d 16 (1991); *Heflin v. Bell,* 52 Ark. App. 201, 916 S.W.2d 769 (1996). Additionally, it is well settled that a support order by a court of competent jurisdiction remains in force until modified by a subsequent decree, or in limited

situations by operation of law. *Burnett v. Burnett,* 313 Ark. 599, 855 S.W.2d 952 (1993); *Laroe v. Laroe,* 48 Ark.App. 192, 893 S.W.2d 344 (1995).

*Yell v. Yell,* 56 Ark. App. 176, 178-79, 939 S.W.2d 860, 862 (1997).

Once a child-support payment falls due, it becomes vested and a debt due the payee. *Chitwood v. Chitwood,* 92 Ark. App.129, 211 S.W.3d 547 (2005). However, enforcement of child-support judgments are treated the same as enforcement of other judgments, and a child-support judgment is subject to the equitable defenses that apply to all other judgments. *Id.*

In its argument, appellant claims that appellee cannot prevail because he failed to use the terms "estoppel," "waiver," "laches," or any other term recognized as an equitable defense in his pleadings, nor did he prove that he relied to his detriment on any agreement or discussion between him and the mother that his payment of rent would stand in lieu of paying support under the decree. While appellant does not reference the doctrine of satis-faction in equity in its argument, appellant's reasoning incorpo-rates the basic tenets of that doctrine. The doctrine is stated as follows:

> The doctrine of satisfaction in equity is somewhat analogous to performance in equity, but differs from it in this respect: that satisfaction is always something given either in whole or in part as a substitute or equivalent for something else, and not (as in perfor-mance) something that be may be construed as the identical thing covenanted to be done.

*Black's Law Dictionary* 1342 (6th ed.1990).

■ Appellant's argument is based upon the premise that appellee's provision of child support through means other than through the clerk's office was a substitution for the original obligation. However, the trial court in this case found that the original child-support judgment had been paid through a non-conforming payment, not that appellant was relieved from his original obligation in any way. Although appellant argues that no equitable defenses were proven to the trial court, this is not a situation where the court declined to permit enforcement of the child-support judgment finding that appellee had proved an equi-table defense. Instead, the trial court found that the judgment itself

had been satisfied; therefore, no arrearage had accrued. The directive in the decree to pay the judgment through the clerk's office was, as the trial court recognized in its admonition to appellee, merely a means to help ensure proper credit for payments.

■ Accordingly, the use of the term "abatement" in the written order was improper. The order should be modified to replace the phrase, "That the Defendant is entitled to an abatement of child support from June 24, 1999, through August 1, 2002," to read, "That the Court finds that Defendant has satisfied the child-support judgment from June 24, 1999, through August 1, 2002, by providing support through non-conforming child-support payments . . . ." With this modification, we affirm the trial court's decision.

Affirmed as modified.

BIRD and ROAF, JJ., agree.