Cite as 2017 Ark. App. 324



# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-636

| | | |
|---|---|---|
| DANIELLE BLAIR | APPELLANT | **Opinion Delivered:** May 17, 2017 |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-15-686] |
| RANDALL WILLIS | APPELLEE | HONORABLE LYNN WILLIAMS, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Danielle Blair appeals from an order awarding retroactive child support to her ex-husband, Randall Willis, for 2002–2007. She argues that the trial court erred in (1) not treating Willis's petition as a modification and (2) not denying the claim under equitable principles. We affirm.

Danielle Blair and Randall Willis were married in June 1997 and divorced in December 2003. Two children were born of the marriage. A temporary order in August 2003 awarded custody to Willis and reasonable visitation to Blair but made no mention of child support. The December divorce decree continued the custodial arrangement from the August order and was also silent as to child support.

In October 2007, the parties petitioned jointly for clarification of visitation. The joint petition asserted that the parties had been exercising a week-to-week visitation schedule. It requested that each party be allowed to claim one child for income-tax purposes, and that

they both have equal access to medical, educational, and financial records. An order was entered to that effect. The order also provided that the parents would split the cost of health- and dental-insurance premiums for the children. The October 2007 order made no mention of child support.

In September 2015, and proceeding pro se, Blair filed a motion for change of custody and child support. She alleged that one child had resided with her full time since May 2014, and the other child had resided with her more than 50 percent of the time in 2014 and 2015. Willis did not dispute the living arrangements but did ask to equally split the costs of supporting the children. He also asserted that Blair had not previously been helping pay for things like school supplies, clothes, or orthodontics. He counterclaimed for back child support for the period between the 2002 divorce decree and the October 2007 order.

After testimony, the parties submitted posttrial statements of fact and conclusions of law. The court accepted Willis's proposed version, which awarded Willis $11,616 in retroactive support and $1350 for half of the insurance premiums. This amount was offset by an award to Blair for retroactive support from the date of the petition (September 9, 2015) through December 2015 for $2367. It awarded Blair $594 a month in child support from Willis going forward.

Blair now appeals, arguing solely that the trial court erred by imposing retroactive support from 2002 to 2007.

We review traditional equity cases de novo on the record, but we will not reverse a finding of fact unless it is clearly erroneous. *Kelly v. Kelly*, 341 Ark. 596, 599, 19 S.W.3d 1, 3 (2000). We give due deference to the trial court's superior position to determine the

credibility of the witnesses and the weight to be accorded to their testimony. *Id*. As a rule, when the amount of child support is at issue, we will not reverse absent an abuse of discretion; but conclusions of law are given no deference on appeal. *Id*.

Blair first argues that Willis's petition for child support should be treated like a modification; thus, any award for child support should be retroactive only to the filing date of the pleading requesting it. Arkansas Code Annotated section 9–14–107(d)(Repl. 2015) provides that "[a]ny modification of a child support order that is based on a change in gross income of the noncustodial parent shall be effective as of the date of filing a motion for increase or decrease in child support unless otherwise ordered by the court." There is a difference between modifying child support and setting child support, and until recently, there was never any court-ordered child-support obligation to be modified. We decline to accept Blair's argument that this is a modification issue.

Parents are continually under a legal and moral duty to support their minor children. *Fonken v. Fonken*, 334 Ark. 637, 976 S.W.2d 952 (1998). In *Fonken*, our supreme court affirmed a trial court award for retroactive child support to a young man who, upon reaching the age of majority, had sued his father for the retroactive support. *Id*. Like here, there was no order of any court requiring the noncustodial parent to support the minor child during this period; but that, our supreme court reasoned, did not eliminate the obligation. *Id*. Accordingly, it was not error for the trial court to award support from 2002 through 2007. It appropriately used the support chart from 2002 to calculate the retroactive support, and we find no error on this point.

Blair next argues that equitable principles barred Willis from seeking retroactive support. Anticipating Willis's position that she did not specifically plead or argue affirmative defenses to the trial court, Blair asserts that we should review equitable defenses when they are "raised by the facts and argument, regardless of whether the actual words like estoppel, waiver, and laches are used." She cites *OCSE v. Goff*, 96 Ark. App. 238, 240 S.W.3d 133 (2006), for this proposition, but *Goff* is inapplicable. In *Goff*, the Office of Child Support Enforcement sought to enforce a child-support judgment, but the trial court ultimately found that child support had been partially paid through nonconforming means (and thus entitling the father to a credit). *Id.* OCSE argued this was inappropriate when the father had never pled any affirmative defenses. *Id.* Our supreme court, however, determined that this was not a case where the father had to plead or argue an equitable defense because the judgment itself had been satisfied. *Id.* at 242–43, 240 S.W.3d at 137.

Regardless, the April 12, 2016 order is silent no Blair's "equitable defense" argument and does not address any elements of waiver, estoppel, or laches. When a trial court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal. *Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, at 5, 425 S.W.3d 718, 721. We will not review a matter on which the circuit court has not ruled, and a ruling should not be presumed. *Wilson v. Dardanelle Dist. of Yell Cty. Dist. Ct.*, 375 Ark. 294, 300, 290 S.W.3d 1, 4 (2008).

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.
*Legacy Law Group*, by: *Philip B. Montgomery* and *Brenda S. Simpson*, for appellee.