# SUPREME COURT OF ARKANSAS

No. CV–17–474

| | | |
|---|---|---|
| DANIELLE BLAIR | | Opinion Delivered: September 14, 2017 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-15-686] |
| V. | | |
| RANDALL WILLIS | | HONORABLE LYNN WILLIAMS, JUDGE |
| | APPELLEE | |
| | | DISSENT ON DENIAL OF PETITION FOR REVIEW. |

**JOSEPHINE LINKER HART, Associate Justice**

I would grant appellant's petition asking that this court review the decision of the Arkansas Court of Appeals in *Blair v. Willis*, 2017 Ark. App. 324, 521 S.W.3d 535. As noted by the court of appeals, the issues raised by appellant on appeal were (1) whether appellee's petition for child support should be considered a request for modification of child support, and (2) whether equitable principles barred appellee's request for child support. Nevertheless, in a paragraph that is dicta and addresses issues not argued on appeal, the court of appeals cites to *Fonken v. Fonken*, 334 Ark. 637, 976 S.W.2d 952 (1998), and concludes that the case supports the circuit court's decision to award retroactive child support from 2002 to 2007 to a parent who no longer has physical custody of the children. The gist of *Fonken* is its interpretation of Arkansas Code Annotated § 9-14-105(c) (Repl. 2015), which provides that "[a]ny person eighteen (18) years of age or above to whom support was owed

during his or her minority may file a petition for a judgment against the nonsupporting parent or parents."

Unlike *Fonken*, there is no child in this case seeking child support. Thus, *Fonken* has no bearing on the case at bar. Rather, the circuit court is awarding child support to a parent who does not have physical custody of the children. This award is plainly contrary to Arkansas Code Annotated § 9-14-105(b)(1), which provides that the person seeking child support must have "physical custody of a minor child." *See Hardy v. Wilbourne*, 370 Ark. 359, 365, 259 S.W.3d 405, 410 (2007) (stating that the "plain language of subsection (b)(1) requires that the parent petitioning for an order of child support have physical custody of the child"). Thus, the court of appeals has taken money out of the household in which two teenage children physically reside and transferred the funds to a household where the children do not physically reside. This result is the exact situation that the statute was designed to prevent. Given the court of appeals' troubling analysis, I would grant the petition for review.