McCullough *v.* McCullough.

5-147                                    260 S. W. 2d 463

Opinion delivered July 6, 1953.

Rehearing denied October 5, 1953.

391

*John E. Hooker* and *Goodwin & Riffel,* for appellant.

*Milton McLees,* for appellee.

GRIFFIN SMITH, Chief Justice. Hubert, Junior, is the fifteen-year-old son of Hubert C. McCullough and his former wife. The marriage occurred in Pine Bluff in 1936. Thereafter the couple moved to Memphis and lived together until the fall of 1944. In December of that year Mrs. McCullough procured a divorce in Pulaski county, Arkansas. Hubert, Jr., was then six years of age and his custody was given to his mother. This suit was brought to change the original order.

In 1946 Mrs. McCullough married in Little Rock. The stepfather Hubert, Jr., thus acquired had a son who was about eight years old when the marriage occurred. Evidence conclusively shows that the former Mrs. McCullough, since her second marriage, has lived in an environment of domestic tranquillity. She is devoted to her stepson and he to her; and Hubert's stepfather has maintained a status of impartiality respecting the two boys, accepting Hubert and bestowing upon him and his mother a full measure of affection, understanding—and liberality where material considerations are involved. In brief, the mother, her husband and son, and her husband's son, are shown in a highly credible light; and but for the unfortunate circumstance of divorce and Hubert's welfare, the scars of 1944 and events preceding them would be obscured, or at least ameliorated to incidental consideration.

Although the McCullough divorce decree did not require the payment of alimony or make any provision for aid in supporting Hubert, the mother and father agreed that $15 per month should be sent by McCullough, and these payments have been made. A further agreement was that Hubert should be permitted to visit his father in Memphis for a week during the Christmas season and for two periods of two weeks each in the summertime. This arrangement was maintained until Christmas following the institution of this suit.

Following their marriage and removal to Tennessee, Mrs. McCullough worked in a department store until her pregnancy required that she remain at home. The couple had purchased a residence at 763 Hollywood St., Memphis, title being by the entirety. Under Tennessee law the parties, when divorced, own as tenants in common. *Brown* v. *Brown*, 160 Tenn. 685, 28 S. W. 2d 350.

McCullough has remarried. He and his wife are employed by Firestone Tire & Rubber Company. McCullough's take-home pay is between $100 and $120 a week. His wife's take-home pay is $71.04 per week and each is on a night shift. Neither is at home between 11:00 p. m. and 7:00 a. m.

In August, 1952, McCullough petitioned the chancery court to modify its decree and to give him the exclusive custody of Hubert. In an amended response appellee asked that she be permitted to prove the fair rental value of the Memphis residence and that McCullough be required to account to her for any sums received by him since the divorce was granted, less her proportionate share of taxes and insurance. Undisputed testimony is that the property is worth $9,000 and that it is mortgaged for $1,900—the approximate balance on an original obligation. The court awarded appellee $2,500 ''for her interest in the property'', and directed her to execute and deliver to McCullough a deed when payment was made. The father's prayer for custody of Hubert was denied, but he was directed to pay $30 per month as a contribution to the boy's maintenance. There is no appeal from this order.

McCullough's principal contention, on the issue of custody, is that the boy is old enough to make his own determination; that he (the father) is financially able to extend educational and other desirable opportunities that appellee cannot afford; that Hubert is talented and possesses unusual ability in drawing—a natural gift that could be highly developed in the Memphis schools;— that companionship between them has been maintained in spite of separation; that the boy's stepmother is attached to him and is not only willing but is anxious to assume the responsibility of directing the youth's conduct; and, finally, it was shown that appellant had purchased, in January, 1948, government E bonds for which he paid $3,750. These securities, it is pointed out, will be worth $5,000 at maturity when Hubert is nineteen years of age. The bonds are payable to Hubert or his father.

Hubert testified that while he loved his mother, he also loved his father and his stepmother; and finally, under close examination, he stated that he loved them best. When in Memphis with his father he was allowed greater freedom, more money, and an opportunity for sports, such as fishing and playing ball. His mother did not want him to have a bicycle because she was afraid of an accident. She gave him some spending money, but nothing comparable to his father's liberality.

Little Rock school authorities testified that a change such as appellant contemplates in respect of educational opportunities is ordinarily detrimental, at least for a short period during which adjustments are being made.

It is hinted that appellant's suit was filed after appellee had declined two offers for her interest in the Memphis property. Appellee had written that she would settle for $600, plus one-half of the value of the household furnishings. Appellant first offered $625, but increased this to $800.

We are not unmindful of decisions that a child who by reason of his years is capable of indicating a preference regarding custody is entitled to express his or

her views; and a court will always give careful consideration to such wishes. But the expression of a preference is not binding upon the court. A chancellor will look behind mere words, appraise conditions, circumstances and contributing factors, and will alter an order of custody only when a change will be for the minor's best interests.

Here we are not willing to say that Hubert's best interests will be served if appellant is made custodian. The boy has been carefully reared in a Christian home where evidence of the slightest discord is wholly lacking. For one so immature as Hubert to say that he loves his mother, but that he has greater love for the stepmother whom he can hardly know in a true sense, is the expression of a status in conflict with the lessons life teaches. A disclosure of temporary emotional instability under tests to which this boy was subjected is not to be wondered at, nor does it mean that in later years he will not regret an utterance induced by conflicting desires.

The decree in respect of custody is affirmed, and so is the award of $30 monthly.

The judgment for $2,500 stands on a different basis. There was no showing that rents or profits of any character had been realized. The Chancellor, of course, felt that with evidence that the net value was about $7,000, each would be entitled to half, less the taxes, insurances, and other allowable items that appellant had been out, hence $2,500 would probably not be more than appellee was entitled to. We think, however, that the method of accounting was deficient and that the award did not fall within the pleadings even if they should be regarded as having been amended to correspond with the proof. For these reasons the judgment for $2,500 is reversed. In other respects the decree is affirmed.