## Ann PINKSTON *v.* Paul PINKSTON

82-269                                    644 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered January 24, 1983
[Rehearing denied February 21, 1983.]

*Perroni & Rauls, P.A.* by: *Stanley D. Rauls,* for appellant.

*William C. McArthur,* for appellee.

DARRELL HICKMAN, Justice. This is a divorce case certified to us by the Court of Appeals because of a question of the sale of corporate property to satisfy personal debts. As it turns out that is actually not a significant issue in this case. But we have decided to dispose of the case in the normal course of review rather than return it to the Court of Appeals.

Ann and Paul Pinkston were married in 1961 and remained together until May of 1980. She filed for divorce in June, 1980. She was granted a divorce and the only basis for disagreement that remains between the parties is the property settlement order that was entered. The parties had acquired extensive personal and real property, some through an inheritance by Ann Pinkston from her family

and the balance through their joint efforts and the efforts of Paul Pinkston. They acquired considerable realty, including a farm in Lonoke County which consists of 318 acres, a hardware store known as Deese Hardware, a laundromat, and numerous vehicles, farm equipment and other personalty. A master was appointed by the chancellor to hear evidence on the extent of the ownership of the property by the individual parties and to make recommendations as to the disposition according to Arkansas law. Extensive hearings were held during which both parties were represented by attorneys. An appraiser was employed who testified as to the market value of all the real estate. The master confirmed exactly how the parties acquired each separate parcel of realty and it is not disputed that Ann Pinkston was entitled to credit for her inherited portion of the property. The master approached the problem by determining the total value of the property and then dividing it according to a percentage each should be entitled to in the total property. Neither party asked for the property to be sold. The master found that Ann Pinkston was entitled to 56% of the property and Paul Pinkston 44%. The master listened to the testimony of the parties and submitted a detailed, extensive order of findings of fact and recommendations. He recommended that the property be divided in kind as to the real estate. Most of the personalty had already been ordered sold and the proceeds divided, or the parties were allowed to keep certain personalty. The chancellor ordered that each party would have ten days in which to submit a proposal to the court of an in kind division of the realty. Only the appellee, Paul Pinkston, submitted such a proposal, and the chancellor essentially adopted that proposal. The farm was divided in half, Ann Pinkston to receive the north half and Paul Pinkston to receive the south half. She argues on appeal that she was entitled to more than half of the land since she was to receive 56% of the property. She does not argue that the property should be sold, she only argues that she should be given more credit or more property as a result of the chancellor's order. The chancellor made no finding as to the value of the farm but no doubt took into consideration that there was evidence that the north half of the farm was more valuable than the south half; the north half was more suitable to agriculture and residential development and was

bordered on one side by a paved road. If that factor was considered then the chancellor was justified in entering his order and we cannot say he was clearly wrong.

On appeal we review a chancellor's decree in a divorce case to determine if it was clearly erroneous. Arkansas law provides that jointly held property should be divided equally unless specific findings are made that would justify a departure from an equal division. Ark. Stat. Ann. § 34-1214 (Supp. 1981). In this case the master found that Ann Pinkston was entitled to more than a half interest because she inherited some of the property and through that inheritance contributed more than half. Paul Pinkston was given credit because of his unusual contribution as a trader and an energetic worker. Certainly we cannot substitute our judgment on appeal as to what exact interest the parties should have. *McCray* v. *McCray,* 256 Ark. 868, 514 S.W.2d 219 (1974). We can only look to see if the order was clearly wrong. Ark. Rule of Civil Procedure, Rule 52.

It is suggested that the order of the chancellor to withhold a certain property of the parties to pay debts, of what amounted to a corporation, was contrary to the law. The court found that "the debts of the business . . . are the debts of the parties-and should be paid from the assets of the parties." Those debts no doubt were of Deese Hardware and the laundromat. Ann Pinkston, Paul Pinkston and their children no doubt formed a corporation and held those businesses in the name of that corporation. But the record is silent on the names and the extent of the corporate control. This is not a case where corporate assets are being ordered sold to pay personal debts or personally held property is being sold to satisfy corporate debts. The chancellor's finding was that the debts owed were the debts of the parties and we have no evidence at all on which we can make a finding that this was an erroneous finding of fact. It is simply argued that it was error. There was evidence that Ann Pinkston had not cooperated with the master. Her counsel, no doubt as instructed, objected to most of the procedures before the master and after the chancellor entered his order, a general objection was made as to his findings. But we cannot

say that any of his findings should be set aside as clearly wrong. Therefore, the judgment is affirmed.

Affirmed.