2009 Ark. App. 541

**Tammy Lynn MYERS, Appellant,**

v.

**Steven Carter McCALL, Appellee.**

No. CA 09–19.

Court of Appeals of Arkansas.

July 1, 2009.

DeeAnna Weimar, Fort Smith, AR, for appellant.

Kevin Hickey, Fort Smith, AR, for appellee.

KAREN R. BAKER, Judge.

Appellant Tammy Lynn McCall (now Myers) appeals the trial court's change of custody from her to appellee Steven Carter McCall asserting four points of error: (1) The trial court erred in requiring appellant and her daughters to testify by telephone; (2) The trial court abused its discretion by re-framing their answers in a manner prejudicial to appellant; (3) The trial court erred in finding a material change in circumstances had occurred since the entry of the last order; (4) The trial court erred in deciding that it was in the best interest of the children to be removed from appellant's care. We affirm.

Appellant filed a complaint for divorce on November 25, 1997. On January 20, 1998, the parties were granted a divorce. The decree incorporated the parties' agreement regarding custody and child support. This agreement included the provision that appellant could move in the future with the children on the condition that she notified appellee of the move with sixty days notice. On April 30, 2008, appellee asked the court to change custody and child support alleging that there had been a material change of circumstances in that the children had moved out of the State of Arkansas to Missouri, were scheduled to move to Wisconsin, and that the children were unhappy with the move, which was not in their best interests. The children had moved with their mother and new stepfather to Missouri while the stepfather completed a process in his clerical

training, and the move to Wisconsin was necessitated by his assignment as a clergyman. The trial court found that a change of circumstances existed in that the move, remarriage, and religious preference of the children coupled with the desires of the children constituted the change of circumstances necessary for the court to act.

■ Appellant's first challenge to the trial court's decision alleges that the trial court erred in requiring appellant and her daughters to testify by telephone. We are unable to reach the merits of appellant's claim because the arguments presented to this court regarding the unreliability of the testimony and lack of guidance for procedural safeguards in telephone testimony were not made below. Our supreme court has repeatedly held that appellants are precluded from raising arguments on appeal that were not first brought to the attention of the trial court. *See, e.g., Green v. State,* 365 Ark. 478, 231 S.W.3d 638 (2006). Issues raised for the first time on appeal will not be considered because the trial court never had an opportunity to rule on them. *Id.*

■ In this case, the record is unclear as to the process by which the telephone testimony was arranged to be conducted. However, it is clear that appellant objected only to appellant having to testify via telephone and raised no objection to the minor children speaking with the court by telephone. The trial court did not administer an oath to either child and specifically stated that neither would be cross-examined. The judge treated its inquiry with the children as an informal interview, and appellant did not object to this procedure. Appellant's objection below focused on the trial court's denial of her motion to continue the matter, thus requiring her to testify by telephone. The specific arguments presented to this court regarding the unreliability of the testimony and lack of guidance

for procedural safeguards in telephone testimony were not made to the trial court. Nor did appellant argue below that the judge's difficulty in hearing the children and ascertaining their responses over the telephone contributed to the unreliability of the testimony. A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Lewis v. Robertson,* 96 Ark.App. 114, 239 S.W.3d 30 (2006). Because this allegation of error was not raised and decided below, we are precluded from reaching its merits now. *Id.; see also Norman v. Cooper,* 101 Ark.App. 446, 278 S.W.3d 569 (2008).

■ Appellant's second assertion of error is also not preserved. She alleges that the trial court abused its discretion by reframing the answers of the children as witnesses in a manner prejudicial to appellant. However, appellant did not object to the trial court interviewing the children by telephone. Counsel for both parties were present, although the parties were excluded from the room while the children spoke with the judge, creating an in camera interview. A complete transcript of the record was made of the in camera interviews. *See* Ark.Code Ann. § 16–13–510 (Repl.1999); *Mattocks v. Mattocks,* 66 Ark.App. 77, 986 S.W.2d 890 (1999) (holding that failure to make complete record of in camera interview in custody case required remand). No objection was raised by appellant to either the procedure or to any specific questions asked by the judge. Because no allegation of error was raised below, we cannot address the merits of the issue. *Lewis, supra.*

■ Appellant asserts for her third point of error that the trial court erred in finding a material change in circumstances had occurred since the entry of the last order. Appellant submits that at the time

the August 1, 2007, order was entered the parties were aware that appellant was getting married to someone of the Lutheran faith, that the new family would be moving and that the minor children were teenagers whose preference was to remain in Arkansas. Therefore, appellant argues no change of circumstance occurred subsequent to the last order, which reflected the parties' agreement for appellee to extend child support and to have the children covered by his insurance leaving the previous orders · undisturbed 'in all other regards.

▮ Determining whether there has been a change of circumstances that materially affects ⌊₅the child's best interest requires a full consideration of the circumstances that existed when the last order was entered in comparison to the circumstances at the time the change is considered. *See Blair, supra.* A judicial award of custody will not be modified unless it is shown that the circumstances have changed such that a modification of the decree would be in the best interest of the child. *See, e.g., Campbell v. Campbell,* 336 Ark. 379, 383, 985 S.W.2d 724, 727 (1999). In order to avoid the relitigation of factual issues already decided, the courts will restrict evidence on a custodial change to facts arising since the issuance of the prior order. *Id.* at 384, 985 S.W.2d at 727. The requirement that limits the trial court's review to the circumstances of the last order contemplates that the trial court was aware of those circumstances at the time the order was entered. A change of circumstances can be found where the facts existed at the time of the previous order, but were unknown to the trial court. *See Campbell, supra.* While the parties may have been aware of additional factors bearing on custody, there is no indication that the trial judge was aware of these factors. Accordingly, the trial court was not limited in its consideration of factors establishing a change in circumstances to matters that arose after the August 1, 2007, order.

The trial court stated that, when considered in isolation, any one factor of the remarriage, relocation, or children's preference could not support the finding of a material change of circumstances. However, the trial judge determined that when considered together, the factors established a change sufficient for the trial court to examine the best interests of the children. *See Hollinger v. Hollinger,* 65 Ark.App. 110, 986 S.W.2d 105 (1999) (holding ⌊₆that the combined effect of the mother's move, the desires of the children to stay in their' original location, and the long passage of time between the divorce decree and the modification, amounted to ' a material change in circumstances.)

▮ In this case, more than ten years had passed since the entry of the initial custody determination and the children expressed a strong, well-reasoned preference to return to Arkansas and their father's custody. The fact that the children did not oppose the short-term move to Missouri, reasoning that the benefit to the stepfather's career was a situation they could agree with while anticipating a return to their home, also supports the trial court's observation of the maturity level of the children and the weight afforded their preference. While the move was contemplated, the nature and the distance of the move ·were different. The court's interview with the children demonstrated their preference to move with appellant to Missouri for the stepfather's continued training, but this preference changed dramatically when his assignment actually moved the family to Wisconsin indefinitely. We cannot say that the trial court's finding that a change of circumstances existed that materially affected the children's best interests was clearly erroneous.

Neither do we find clear error in the trial court's determination that a change of custody was warranted as claimed by appellant in her fourth point. In *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003), our supreme court held that relocation alone is not a material change in circumstances and announced that there is a presumption in favor of relocation for custodial parents having primary custody. Our supreme court made it clear in *Hollandsworth* that the custodial parent no longer has the responsibility to prove a real advantage to herself or himself and to the children in relocating. Rather, the noncustodial parent has the burden to rebut the relocation presumption. The *Hollandsworth* court explained that the polestar in making a relocation determination is the best interests of the child, and that the court should take into consideration the following factors: (1) the reason for the relocation; (2) the educational, health, and leisure opportunities available in the location in which the custodial parent and children will relocate; (3) visitation and communication schedule for the noncustodial parent; (4) the effect of the move on the extended family relationships in the location in which the custodial parent and children will relocate, as well as Arkansas; (5) preference of the child, including the age, maturity, and the reasons given by the child as to his or her preference.

The trial court in this case relied heavily upon the preferences of the children. The preference of the children as to their custodial arrangement is an appropriate factor for a trial judge to take into account. *McCullough v. McCullough*, 222 Ark. 390, 260 S.W.2d 463 (1953); *see also Hollinger v. Hollinger*, 65 Ark.App. 110, 986 S.W.2d 105 (1999). Other factors the trial court may consider in determining the best interest, include the psychological relationship between the parent and the child, the need for stability and continuity in the child's relationship with the parents and siblings, the past conduct of the parents toward the child, and the reasonable preference of a child. *Rector v. Rector*, 58 Ark.App. 132, 947 S.W.2d 389 (1997). The best interest of the child trumps all other considerations. *Durham v. Durham*, 82 Ark.App. 562, 120 S.W.3d 129 (2003).

In this case, the trial court noted the close relationship the children enjoyed with their extended family residing in Arkansas and the strain in the relationship with their mother arising from the move. The trial court further noted that the children stated that they were Catholic but were required by appellant to attend the Lutheran Church. Considering these factors combined with the children's well-reasoned preference to return to Arkansas and live in their father's custody, we cannot say that the trial clearly erred in determining the children's best interests.

Accordingly, we affirm.

HART and ROBBINS, JJ., agree.