PAUL E. DANIELSON, Associate Justice | lAppellant John (“John”) Kelly appeals from the final order and decree of divorce from appellee Christian Snowden Kelly (“Christy”) that was entered by the Pulaski County Circuit Court. John had appealed from a prior order of that court, and we reversed and remanded the matter. See Kelly v. Kelly, 2011 Ark. 259, 381 S.W.3d 817 (Kelly I). In the instant appeal, John raises four assertions of error by the circuit court: (1) that it erred in denying his motion to strike or bar evidence relating to the unequal distribution of certain stock; (2) that it erred in failing to equitably distribute the stock; (3) that it lacked jurisdiction to examine or alter the circuit court’s prior ruling on the deficiency from the sale of the marital home; and (4) that it abused its discretion in granting Christy’s motion for leave to deposit alimony owed to him into the registry of the court. Christy’s father, David Snowden, Sr. (“Mr.Snowden”) cross-appeals from the circuit court’s order, which denied his motion to intervene in the ^matter, but only if this court fails to affirm the court’s order on direct appeal. We affirm the circuit court’s order on direct appeal and find the cross-appeal moot. In the prior appeal, John had argued that the circuit court had erred in finding that certain stock from Tarco Roofing Materials, Inc. (“TRM stock”) was nonmarital properly and in finding him liable for half of the deficiency that resulted from the sale of the marital home. See Kelly I, 2011 Ark. 259, 381 S.W.3d 817. We agreed that the stock was marital property and reversed and remanded the circuit court’s order. See id. We further declined to address John’s argument relating to the marital-home deficiency in light of our reversal and remand “for further proceedings relating to the division of property.” Id. at 9, 381 S.W.3d at 824. On remand to the circuit court, a flurry of motions was filed by both John and Christy. In addition, Christy’s father sought to intervene in the litigation “to pursue an action for rescission of the [TRM] stock he intended to gift to [Christy].” A hearing was held on the motions pending, and on June 19, 2013, the circuit court’s final order and decree of divorce was filed. In its order, the circuit court found that Christy was entitled to an award of all the TRM stock “as an unequal distribution pursuant to Ark.Code Ann. § 9-12-315(a)(l).” It further found that neither Christy nor John was entitled to employ self-help measures in solving their difficulties relating to alimony owed by Christy to John and the one-half deficiency resulting from the sale of the marital home owed by John to Christy. To that end, the circuit court ordered both Christy and John to pay any sums owed the other within thirty days. In addition, the circuit court denied Mr. Snowden’s intervention motion. John then |sfiled a motion for reconsideration, which was deemed denied. John andiMr. Snowden now appeal. I. Law of the Case For his first point on appeal, John argues that the circuit court erred in denying his motion to preclude any argument by Christy for an unequal distribution of the TRM stock. He contends that the doctrine of law of the case barred her from making such an argument, because she did not advance that argument until remand. He further maintains that, in order to argue for an unequal division at this time, Christy was required to advance the argument as an alternative one prior to this court’s remand. Christy responds that because the circuit court’s original ruling that the TRM stock was nonmarital was in her favor, she had no basis for arguing at that time for an unequal distribution of marital property. She contends that it was only after remand that the circuit court was faced with distributing the stock as marital property; therefore, it was at that time, she claims, that she was entitled to present her unequal-distribution argument. Christy is correct. The doctrine of law of the case prohibits a court from reconsidering issues of law and fact that have already been decided in a prior appeal. See Clinical Study Ctrs., Inc. v. Boellner, 2012 Ark. 266, 411 S.W.3d 695. The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. See id. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. See id. The law-of-the-case doctrine specifically provides that in a second appeal, the decision of the first appeal is conclusive of every question of law or fact decided in the former appeal and also of those questions that might have been, but were not, presented. See id. John contends that, despite the circuit court’s ruling in Christy’s favor on the nature of the stock, she was required to assert before the circuit court, and on appeal in Kelly I, her position that, if marital, an unequal distribution should be made. However, we have previously rejected such a notion. In Landers v. Jameson, 355 Ark. 163, 132 S.W.3d 741 (2003), this court observed: It is true that this court has said time and again that all issues raised or that could have been raised in a first appeal cannot be raised in a second appeal. But this court has never extended the doctrine [of law of the case] to require a prevailing party at the trial level to also obtain a ruling on a constitutional issue that may be an alternative reason to decide the matter in that party’s favor. Nor has this court required that same prevailing party to cross appeal as an appellee on that same non-essential constitutional ground, if and when the matter is appealed to an appellate court. 355 Ark. at 173, 132 S.W.3d at 748. See also N.D. v. State, 2012 Ark. 265, 411 S.W.3d 205 (citing Landers). Prior to the remand, Christy had argued that the TRM stock was nonmarital property, and the circuit court agreed. See Kelly I, 2011 Ark. 259, 381 S.W.3d 817. Christy therefore would be considered the prevailing party before the circuit court on the stock issue; indeed, John appealed the circuit court’s ruling on the matter in Kelly I. Pursuant to Landers, Christy, as the prevailing party on the issue of the TRM stock, was not required to assert alternatively to the circuit court or this court that were , the stock marital, an unequal distribution should be made. We therefore hold that Christy was not 15barred by the law-of-the-case doctrine from seeking an unequal distribution after our holding in Kelly I that the stock was marital property. II. Inequitable Distribution John next asserts that the circuit court erred in failing to equitably distribute the stock. He contends that if the circuit court was going to consider an unequal distribution, it was obliged to receive current testimony and evidence on factors such as the financial status of the parties, the current fair-market value of the stock, and the amount of income Christy had received from the stock during the course of the divorce. He further avers that the circuit court erred in its unequal distribution of the stock because it made no findings on which it based its decision. Christy responds that there was a fully developed record in the matter that contained ample evidence to allow the circuit court to conduct a full inquiry into the factors required to be considered when making an unequal division and to support the circuit court’s decision. We review division-of-marital-property cases de novo; even though we do so, we will not reverse the circuit court’s findings of fact unless they are clearly erroneous, or against the preponderance of the evidence. See Hernandez v. Hernandez, 371 Ark. 323, 265 S.W.3d 746 (2007). The division of property itself is also reviewed, and the same standard applies. See id. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made. See id. In order to demonstrate that the circuit court’s ruling was erroneous, the appellant must show that the | ^circuit court abused its discretion by making a decision that was arbitrary or groundless. See id. We turn first to John’s argument that the circuit court’s unequal distribution of the stocks was erroneous because the circuit court failed to hear current testimony and evidence. Our review of the record-reflects that this argument was not raised to the circuit court until John’s motion for reconsideration. Moreover, it is inconsistent with his position taken prior to the circuit court’s ruling now on appeal. Subsequent to this court’s decision in Kelly I and the assignment of the case to another circuit court after the recusal of the original trial judge, John did, in fact, ask the court to “set a pretrial conference in this case where you could get up to speed on the case; perhaps rule on some of the pending motions and set this matter for a final hearing.”[1] That said, about one and one-half months later, John stated the following in his reply to Christy’s response to his motion to bar her from seeking an unequal distribution of the TRM stock: Likewise, the Mandate in this case did not direct the trial court to hold a hearing and receive new evidence on unequal distribution of properly.... During the original hearing of this matter, testimony was offered by the parties concerning the value of the TRM stock. Excerpts from the trial transcript and exhibits (attached as Exhibits A through E) constitutes the extent of the evidence as to the value of the stock — which was $7,451,836.00. If this Court decides that it is consistent with the Mandate [in Kelly I] to engage in unequal distribution and to award Christy 100% of the TRM stock, then John should be given a judgment for half of the stock value determined by the trial evidence along with half of the TRM distributions to Christy since the divorce was filed. See, ACA § 9-12-315(a)(4) and ACA § 9-12-] 7315(a)(1)(A). If this Court decides that it is inconsistent with the Mandate to engage in unequal distribution, then John should be awarded half the stock and half the distributions to Christy since the divorce was filed. This court has stated that an issue must be presented to the circuit court at the earliest opportunity in order to preserve it for appeal. See, e.g., LaFont v. Mooney Mixon, 2010 Ark. 450, 374 S.W.3d 668. Stated another way, a party may not wait until the outcome of a case to bring an error to the circuit court’s attention. See id. Here, John not only waited until after the outcome of the case to demand a hearing, he also specifically claimed that one was not even necessary; that is, until after the circuit court’s decision. We therefore decline to address the merits of his argument. See, e.g., Switzer v. Shelter Mut. Ins. Co., 362 Ark. 419, 208 S.W.3d 792 (2005). John next takes issue with what he terms the circuit court’s failure to “give a valid basis and reason” for the unequal distribution of the TRM stock. At the time a divorce decree is entered, all marital property is to be distributed one-half to each party, unless the court finds such a division to be inequitable. See Ark. Code Ann. § 9—12—315(a)(1)(A) (Repl. 2009). In that event, the court is to make some other division that the court deems equitable, taking into consideration several factors: the length of the marriage; age, health, and station in life of the parties; occupation of the parties; amount and sources of income; vocational skills; employability; estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income; contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and the federal income tax consequences of the court’s division of property. See id. When property is divided 18pursuant to the foregoing considerations, the circuit court must state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the circuit court’s order. See Ark.Code Ann. § 9-12-315(a)(1)(B). Here, the circuit court specifically stated that Christy was entitled to an award of “all of the TRM stock as an unequal distribution” under the division-of-property statute and that the award was “equitable and warranted under the facts of this case, as well as the distribution made to ... John ... of other marital property and the awarding of alimony.” We cannot say that the circuit court’s explanation is inadequate or insufficient. While the circuit court must consider the factors set forth in the statute and state its reasons for dividing properly unequally, it is not required to list each factor in its order or to weigh all the factors equally. See, e.g., Hernandez, 371 Ark. 323, 265 S.W.3d 746; Bamburg v. Bamburg, 2011 Ark. App. 546, 386 S.W.3d 31. Furthermore, the specific enumeration of the factors within the statute does not preclude a circuit court from considering other relevant factors, where exclusion of other factors would lead to absurd results or deny the intent of the legislature to allow for the equitable division of property. See Brown v. Brown, 373 Ark. 333, 284 S.W.3d 17 (2008). The statute requires the circuit court to explain its reasons for not dividing the marital property equally, and the circuit court did just that. We are further unable to say that the circuit court erred in its distribution of the TRM stock to Christy. This court has consistently interpreted section 9-12-315(a) to grant the circuit court broad powers in distributing both nonmari-tal and marital property to achieve an equitable division. See Farrell v. Farrell, 365 Ark. 465, 231 S.W.3d 619 (2006). Our | gproperty-division statute does not compel mathematical precision in the distribution of property; its overriding purpose is to enable the court to make a division that is fair and equitable under the circumstances. See Jones v. Jones, 2014 Ark. 96, 432 S.W.3d 36; Box v. Box, 312 Ark. 550, 851 S.W.2d 437 (1993). As already set forth, the circuit court premised its distribution of the TRM stock to Christy on the prior distribution of marital property and award of alimony to John, which included a lake house “as an unequal distribution”; a 1999 Tahoe “as an unequal division of property,” in addition to his respective vehicle; several bank and investment accounts, two of which were part of an unequal division to give John “a significant sum to fund any expenses or retirement plans”; and alimony in the amount of $5,000 per month for ten years, “[d]ue to the .disproportionate earnings and earning potential between the parties and the testimony that the parties’ very comfortable lifestyle was attributable to [Christyjs income.” As evidenced quite clearly by the circuit court’s orders, John previously received himself an unequal division of the parties’ real and personal property to “allow him to fund a ‘realistic’ retirement plan and provide for his anticipated expenses.” The property-division statute simply requires that marital property be distributed equitably. See Jones, 2014 Ark. 96, 432 S.W.3d 36. That the circuit court on remand found it appropriate to award the TRM stock to Christy as an unequal distribution following the previous unequal award in John’s favor fails to leave this court with a definite and firm conviction that a mistake was made; nor has John demonstrated error by showing that the circuit court’s decision was arbitrary or groundless. As we have previously explained, we will | innot substitute our judgment on appeal as to the exact interest each party should have, but will decide only whether the order is clearly wrong. See Pinkston v. Pinkston, 278 Ark. 233, 644 S.W.2d 930 (1983). Any exception to the rule of equal distribution will always depend on the specific facts as reflected by the circuit court’s findings and conclusions. See Gentry v. Gentry, 282 Ark. 413, 668 S.W.2d 947 (1984). Given our standard of review, we must affirm the circuit court’s award of the TRM stock to Christy as an unequal division of properly. III. Marital-Home Deficiency John next contends that, because this court did not address his contention in Kelly I relating to the circuit court’s equal division of the deficiency following the sale of the marital home, the debt-on-the-marital-home issue “was placed in appellate limbo” and was not part of this court’s mandate in Kelly I. He urges that our remand was limited solely to the stock issue and, thus, the circuit court had no jurisdiction to order him to pay his portion of the marital-home deficiency within thirty days. John further claims that even if the circuit court had the jurisdiction to do so, the circuit court should have taken into consideration John’s ability to pay the amount claimed due. John’s assertion that the marital-home deficiency was left in appellate limbo is, quite simply put, mistaken. The division of property necessarily entails consideration of both the assets and the debts, as was explained in our citations to authority in the original appeal. See Kelly I, 2011 Ark. 259, 381 S.W.3d 817 (citing Hackett v. Hackett, 278 Ark. 82, 643 S.W.2d 560 (1982); Gilliam v. Gilliam, 2010 Ark. App. 137, 374 S.W.3d 108; Boxley v. Boxley, 77 Ark. App. 136, 73 S.W.3d 19 (2002)). Here, the circuit court did not reapportion the liability |, ¶ of the parties relating to the deficiency, but its order did direct that both John and Christy had “thirty (30) days to pay any sums owed the other party for alimony or in satisfaction of any deficiency.” Because the circuit court was required to reexamine the division of property pursuant to this court’s mandate, it was entitled to also consider the division of debts, including the deficiency of the marital home. While John further claims that the circuit court should have considered his ability to pay any amount due before directing the payment thereof, he cites to no authority for his proposition. That is sufficient reason not to address his ability-to-pay claim. See, e.g., Ginsburg v. Ginsburg, 359 Ark. 226, 195 S.W.3d 898 (2004). We hold that our mandate in Kelly I did not preclude the circuit court from addressing the deficiency on the marital home; therefore, we find no merit to John’s argument relating to the deficiency. IV. Court’s Registry For his final point on appeal, John urges that the circuit court abused its discretion in permitting Christy to deposit alimony payments she owed him into the court’s registry. The thrust of his argument appears to be that permitting her to do so was somehow unfair because she had previously sought a setoff of amounts she claimed were due from him to her, and her request was denied. The record before us reveals that following the filing of the circuit court’s order on June 19, 2013, Christy filed a motion for leave to deposit funds into the registry of the court. In her motion, Christy admitted that she owed accrued alimony to John and stated her desire to tender the amount owed — $245,000—immediately into the registry of the court. She | ^further sought permission to submit monthly payments for remaining alimony payments due and stated her intention to petition the court “to reduce any remaining unpaid balance on the deficiency owed by John to her from the sale of the marital home to a judgment, and order a set off from this amount against the funds she has deposited [in]to the registry of the court.” Over John’s objections, the circuit court entered an order granting Christy’s motion to deposit funds and ordered the clerk to accept and hold any funds deposited until further order of the court. While John takes issue with the circuit court’s order permitting Christy to do so, he has yet again failed to cite this court to any convincing authority in support of his proposition that the circuit court erred. The failure to cite authority is sufficient reason to affirm the circuit court’s ruling on this point. See Nielsen v. Berger-Nielsen, 347 Ark. 996, 69 S.W.3d 414 (2002). For the foregoing reasons, we affirm the circuit court. Because we do so, Mr. Snowden’s conditional cross-appeal is rendered moot. Affirmed on direct appeal; cross-appeal moot. Hart, J., and Special Justices Amy Grimes and Jodi L. Strother dissent. Baker and Hoofman, JJ., not participating. . We simply cannot construe John's statement as a request to take or present new testimony or evidence.