

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-16-1133

|  |  |
|---|---|
| KATHERINE BRANTLEY SIPES<br>                          **APPELLANT**<br><br>V.<br><br>DUSTIN BRANTLEY<br>                          **APPELLEE** | **Opinion Delivered:** October 25, 2017<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26DR-12-834]<br><br>HONORABLE DAVID RAY<br>GOODSON, JUDGE<br><br>AFFIRMED |

### MIKE MURPHY, Judge

Appellant Katherine Sipes appeals the September 19, 2016 order of the Garland County Circuit Court denying her motion to modify visitation. She argues the court erred by improperly considering evidence not before it and in making its material-change and best-interest findings. We affirm.

Katherine Sipes and Dustin Brantley were married in December 2007 and divorced in September 2012. One child was born of the marriage, D.B., who is now nine years old. The parties shared joint custody at the time of the divorce. Custody was granted to Sipes on December 26, 2013, after she made allegations that D.B. (then six) was molested at Brantley's house by Brantley's then six-year-old stepdaughter. Brantley was still to enjoy standard visitation, but it was subject to a "protection plan" put in place by the Department of Human Services (DHS). Less than two weeks later, and in a different county, Sipes obtained an ex-parte order of protection against Brantley on behalf of D.B., alleging

Brantley was abusing the child. The order of protection was transferred to Garland County and consolidated with the existing case. The Garland County Circuit Court then ordered that the order of protection remain in place and allowed Brantley only supervised visitation with the child.

The allegations of sexual and physical abuse that were the bases for the order of protection and the DHS protection plan were eventually ruled as unsubstantiated by an administrative law judge on May 5, 2014. A hearing was held and the court set aside the order of protection. In the same order, it further found that Sipes had falsely testified before the court in a previous contempt hearing and ordered her to submit to a psychological evaluation. Upon receipt of the evaluation, Brantley moved for custody of the minor child. The psychological evaluation was never made part of the record, but the pleadings indicate that Sipes displayed symptoms of "mixed-personality disorder." The court changed custody to Brantley in an order dated October 2, 2014. Sipes was to have only supervised visitation.

On May 11, 2016, Sipes moved to change visitation and modify custody. A hearing was held on the motion on August 25, 2016. At the hearing, Sipes withdrew her request for joint custody but asked to proceed on the issue of modifying visitation to have the supervision requirement removed. Sipes presented testimony from her therapist, Don Heard, as to how well she was progressing in therapy and that, in his opinion, supervised visitation was unnecessary. Sipes also testified on her own behalf.

The court took the issue under advisement and rendered its decision in a written order on September 19, 2016, finding that there was not "such a significant and material change of circumstances" to warrant lifting the supervision requirement or that it was in the

child's best interest to do so. Even so, it expanded the visitation to allow Sipes to attend the child's school and sporting events and practices, have access to her son's school records, and attend parent-teacher conferences. It also lifted the supervision restriction in those instances.

Sipes timely appealed, arguing that the court improperly considered the psychiatric evaluation at the August 25, 2016 hearing and that it erred in finding a lack of material change or that a modification of visitation is in the child's best interest.

Visitation is always modifiable; however, courts require more rigid standards for modification than for initial determinations to promote stability and continuity for the children and in order to discourage repeated litigation of the same issues. *Meins v. Meins*, 93 Ark. App. 292, 218 S.W.3d 366 (2005). The party seeking a change in the visitation schedule has the burden to demonstrate a material change in circumstances that warrants a change in visitation. *Id.* The best interest of the child is the main consideration, *id.*, but whether a material change of circumstances has occurred is a threshold issue. *Baker v. Murray*, 2014 Ark. App. 243, at 7, 434 S.W.3d 409, 415. In child-custody matters, we perform a de novo review, but we will not reverse the trial court's findings unless they are clearly erroneous. *Hoover v. Hoover*, 2016 Ark. App. 322, at 2–3, 498 S.W.3d 297, 299.

When the circuit court changed custody of the child to Brantley and ordered Sipes to have only supervised visitation, it did so based on a psychological evaluation performed in 2014. The evaluation was not made part of the record in that proceeding and Sipes did not appeal from that determination. At the hearing from which this appeal stems, Brantley's counsel repeatedly referred to the psychological evaluation throughout his examination of the witnesses. Counsel for Sipes vigorously objected to having the document admitted or

referred to in any way, contending that to do so would be to relitigate the circumstances from which the prior custody order arose. The court took Sipes's objection under advisement and eventually overruled the objection, allowing counsel to refer to the report during questioning.

On appeal, Sipes argues that counsel improperly introduced prior evidence into the visitation proceeding and that the court improperly considered the psychological evaluation in making its ruling. It is true that, in order to avoid the relitigation of factual issues already decided, courts will restrict evidence on a custodial change to facts that have arisen since the issuance of the prior order. *Myers v. McCall*, 2009 Ark. App. 541, at 5, 334 S.W.3d 878, at 881. This limitation of the court's review, however, stems from the fact that the last order contemplates that the court was aware of those circumstances when the order was entered. *Id.* In order to determine whether there has been a change of circumstances that materially affects the child's best interest, a full consideration of the circumstances that existed when the last order was entered is necessary. *See id.* The appellant first argues that it was error for the court to allow the introduction of the prior psychological evaluation. Here, there can be no error that the psychological evaluation was improperly introduced, because it was not admitted into evidence at this hearing.

The appellant's second argument is that the court erred in allowing counsel to refer to the prior psychological report during cross-examination of the mental-health counselor. Because the court went on to make best-interest findings and modify the visitation order, we will assume for the sake of argument that a material change occurred, which renders the appropriateness of referring to the psychological report moot. Regarding material change,

the court found that there was neither "such a significant and material change of circumstances which would warrant modification of the Court's Order that [Sipes's] visitation be supervised" nor that it would be in the best interest of the child to do so. It did, however, conclude that it was in the best interest of the minor child to allow Sipes to see and interact with her child at school and sports activities without a designated supervisor.

At the hearing on Sipes's motion to modify, she called her mental–health counselor, Don Heard. He testified that he had been treating her since December 2014, and that since that time, Sipes had become more confident, independent, and appropriately assertive. He provided that, in his opinion, supervised visitation was not necessary for Sipes and that it would be in both her and the child's best interest to have increased visitation. He admitted, however, that he had never spent any time with the child and that he felt it would be in D.B.'s best interest to have expanded time with Sipes based only on his observations of Sipes.

Sipes next took the stand. She described her family support system and what she has worked on in therapy. She testified that she wanted to be more involved with her son and his activities and schooling. Brantley did not present testimony or evidence at the conclusion of Sipes's case.

As we stated earlier, the main consideration in making judicial determinations concerning visitation is the best interest of the child. Important factors that courts consider in determining reasonable visitation are the wishes of the child, the capacity of the party desiring visitation to supervise and care for the child, problems of transportation, prior conduct in abusing visitation, the work schedule or stability of the parties, and the

relationship with siblings and other relatives. *Mason v. Robertson*, 2017 Ark. App. 370, at 6–7, 524 S.W.3d 452, 457.

Here, the court found that it would be in the best interest of the child to allow Sipes to attend parent-teacher conferences, school-related activities that the general public or parents are allowed to attend, and all sports-related activities in which the child is involved. Fixing visitation rights is a matter that lies within the sound discretion of the circuit court. *Id.* And while it does appear that Sipes is progressing in her treatment, we must give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *McNutt v. Yates*, 2013 Ark. 427, at 8, 430 S.W.3d 91, 97. Because this is a case involving child custody, the deference to the circuit court is even greater, as a heavier burden is placed on the circuit court to use to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Id.* In light of this deference, and considering our standard, the circuit court's inherent familiarity with this case, its history, and these parties, we affirm the circuit court's ruling.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellant.

*Churchwell Law Offices*, by: *Joseph Churchwell*, for appellee.