Cite as 2022 Ark. App. 310

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-391

| | | |
|---|---|---|
| J. KIRK GRYNWALD | | Opinion Delivered September 7, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION [NO. 60DR-19-197] |
| V. | | |
| ANA GRYNWALD | | |
| | APPELLEE | HONORABLE AMY DUNN JOHNSON, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Appellant J. Kirk Grynwald (Kirk) and appellee Ana B. Grynwald (Ana) were divorced by decree entered by the Pulaski County Circuit Court on April 29, 2021. Kirk appeals, arguing that the circuit court erred in awarding spousal support; that the circuit court erred by using the incorrect child-support guidelines; that the circuit court erred by awarding child support in an amount greater than the needs of the children; and that the circuit court erred by awarding retroactive child support to the date of the filing of the complaint. We affirm.

The parties in this case were married October 11, 2003. They have three minor children who were born in 2005, 2007, and 2010. On January 15, 2019, Ana filed a complaint for divorce requesting alimony and child support. Kirk filed an answer and counterclaim for divorce to which Ana answered. Written discovery was conducted, and the

final divorce hearings were held on December 3 and 13, 2019. After submission of additional data on Kirk's accounts receivable, the record was closed on January 10, 2020. The circuit court issued a letter opinion on November 23, 2020.[1]

The divorce decree entered on April 29, 2021, incorporated the findings of the earlier letter opinion.[2] The circuit court awarded Ana spousal support of $2,500 a month for five years beginning December 1, 2020, and child support of $4,743 a month for the three minor children, retroactive to February 1, 2019--the date of the parties' separation. There was an equal division of the parties' marital property and debts, but the circuit court credited Kirk $85,000, representing his contribution from his nonmarital funds to the original purchase of the parties' house at 2 Witry Court.[3] Kirk filed a notice of appeal, and Ana filed a cross-notice of appeal. Ana has withdrawn her cross-appeal. For the following reasons, we affirm the circuit court's order.

When reviewing appeals in domestic-relations cases, the appellate courts consider the evidence de novo. *Brown v. Brown*, 2012 Ark. 89, at 6–7, 387 S.W.3d 159, 163. This court has long held that we will not reverse the circuit court's findings unless they are clearly erroneous. *Id.* When the appellate court's determination is whether the circuit court's findings are clearly erroneous turns on the credibility of the witnesses, the appellate court

---

[1]The letter opinion was written and entered by circuit judge Richard N. Moore, Jr., who retired on December 31, 2020.

[2]Circuit judge Amy Dunn Johnson entered this order.

[3]This home was awarded to Ana by agreement.

gives special deference to the superior position of the circuit court to evaluate the witnesses and their testimony. *Kelly v. Kelly*, 2011 Ark. 259, 381 S.W.3d 817. A circuit court abuses its discretion when it exercises its discretion improvidently or thoughtlessly and without due consideration. *Delgado v. Delgado*, 2012 Ark. App. 100, at 6, 389 S.W.3d 52, 57. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Kelly*, *supra*.

Kirk's first argument on appeal is that the circuit court erred in awarding spousal support to Ana. An award of alimony is a question that addresses itself to the sound discretion of the circuit court. *McKay v. McKay*, 340 Ark. 171, 8 S.W.3d 525 (2000). A circuit court can make an award of alimony that is reasonable under the circumstances. *Mulling v. Mulling*, 323 Ark. 88, 912 S.W.2d 934 (1996). Specifically, in cases involving an award of alimony, the circuit court will not be reversed on appeal absent an abuse of discretion. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007).

In this case, we cannot say that the circuit court abused its discretion in awarding alimony. The purpose of alimony is to rectify economic imbalances in earning power and standard of living in light of the particular facts in each case. *Brave v. Brave*, 2014 Ark. 175, 433 S.W.3d 227. Here the circuit court did just that by rectifying the economic imbalances in earning power and standard of living between Kirk, a high-income-earning physician with a specialty in hand surgery, and Ana, a nurse practitioner. An award of alimony to Ana was reasonable under the circumstances, considering the substantial disparity in the parties' incomes.

3

The circuit court reviewed the financial circumstances of both parties, the amount and nature of the current and anticipated income of both parties, the earning ability and capacity of both parties, the assets divided in this case, the length of the parties' marriage, the sacrifices and contribution by Ana to Kirk's earning capacity, and the extent and nature of the resources and assets of each of the parties. As the case law has stated, the primary factors to be considered in determining whether to award alimony are the financial need of one spouse and the other spouse's ability to pay. In addition, there are other factors to be considered, which include the financial circumstances of both parties; the couple's past standard of living; the value of jointly owned property; the amount and nature of the parties' income, both current and anticipated; the extent and nature of the resources and assets of each of the parties; the amount of income of each that is spendable; the earning ability and capacity of each party; the property awarded or given to one of the parties, either by the court or the other party; the disposition made of the homestead or jointly owned property; the condition of health and medical needs of both parties; the duration of the marriage; and the amount of child support.

Kirk has an ownership interest in his medical-practice group, a surgery center, and the practice's real property. After the parties married in 2003, Kirk completed his surgical residency and his hand-surgery and microsurgery fellowship. He also became board certified after the marriage. The undisputed evidence shows that Kirk earns five times the income that Ana earns as a nurse practitioner.

The evidence also supports the award of alimony on the basis of the other relevant factors recognized by the appellate courts. First, during the parties' sixteen-year marriage, Ana was the parent primarily responsible for taking care of the home and family and supporting Kirk's career. Ana testified that she moved six times during the marriage for Kirk's work––including two moves to foreign countries. Ana could not work in Australia and New Zealand due to the young age of the parties' children at the time and the cost of child care. Kirk admitted that Ana was supportive of him during his medical residency, just not financially. The facts justify that Ana is entitled to spousal support in the amount of $2500 a month for five years; accordingly, we affirm the circuit court's finding.

Kirk argues, for his second point on appeal, that the circuit court did not follow the new guidelines adopted by the Arkansas Supreme Court in Administrative Order No. 10 when calculating the amount of child support for the parties' three minor children. Kirk correctly notes that the letter opinion issued by Judge Moore on November 23, 2020, and the subsequent divorce decree filed by Judge Johnson on April 29, 2021, were handed down after the new Administrative Order No. 10 became effective July 1, 2020. However, the trial was conducted on December 3 and 13, 2019, long before the new Administrative Order No. 10 was adopted on April 2, 2020—effective July 1, 2020.

Furthermore, there was no argument made before the circuit court regarding use of the new child-support-calculation guidelines instead of the guidelines that were in effect at the time of trial. Because this argument is being presented for the first time on appeal, it is not preserved for our review. *See Brown v. SEECO, Inc.*, 316 Ark. 336, 871 S.W.2d 580 (1994)

5

("In order to preserve an issue for appeal, the appeal must be presented to the circuit court so that the lower court is given the opportunity to rule on it.").

We recently addressed this issue in *Morris v. Morris*, 2021 Ark. App. 415. In that case, the appellant argued that the circuit court erred in setting her child-support obligation by using the wrong chart to set the child-support amount she owed. Our court held:

> In determining a reasonable amount of support—either initially or on review—to be paid by the noncustodial parent or parents, circuit courts are required to refer to the most recent revision of the family support chart. Ark. Code Ann. § 9-14-106(a)(1)(A) (Repl. 2020). That chart is found in Administrative Order No. 10, which was revised in 2020. The revised version was adopted on April 2, 2020, and provided that "[e]ffective immediately, the new guidelines may be used as an alternative to the previous version of Administrative Order No. 10. The new guidelines shall be used for all support orders entered after June 30, 2020." *In re Implementation of Revised Admin. Ord. No. 10*, 2020 Ark. 131, at 1. Here, the hearing was held in February 2020, well before the new guidelines were implemented. And while the final order was not entered until July 28, 2020, the argument that the newer calculation guidelines should be applied was not made to the circuit court prior to the entry of that order. *See generally Myers v. McCall*, 2009 Ark. App. 541, 334 S.W.3d 878 (holding that we will not address arguments on appeal that were not first brought to the attention of the circuit court).

Because this argument was not ruled on by the circuit court, it is not preserved for our review, and we decline to address it. *See Boeuf River Farms v. Browder*, 2012 Ark. App. 482, 422 S.W.3d 194.

Kirk's third point on appeal is that the circuit court erred in the amount of child support awarded to Ana for the parties' three minor children. Specifically, Kirk asserts that he argued at trial that child support should be based upon the actual needs of the children. We do not find merit in this argument and affirm.

When the amount of child support is at issue on appeal, the appellate court will not reverse a circuit court's order absent an abuse of discretion. *Hathcock v. Hathcock*, 2020 Ark. App. 236, at 9, 599 S.W.3d 704, 709. An abuse of discretion generally occurs when the circuit court's discretion is applied thoughtlessly, without due consideration, or improvidently. *Vice v. Vice*, 2016 Ark. App. 504, at 6, 505 S.W.3d 719, 723. The appellate court will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Id.* Whether the circuit court's findings are clearly erroneous turns largely on the credibility of witnesses, and the appellate court gives special deference to the superior position of the circuit court to evaluate the witnesses, their testimony, and the child's best interest. *Neumann v. Smith*, 2016 Ark. App. 14, 480 S.W.3d 197. There are no cases in which the superior position, ability, and opportunity of the circuit court to observe the parties carry as great a weight as those involving minor children. *Id.*

Kirk's appellate argument centers on his contention that the amount of child support awarded exceeded the children's "actual need." Kirk testified that he did not want to pay any alimony or child support, and on appeal, he makes no specific argument that the circuit court erred in awarding child support––only that the circuit court did not rule as requested by him at the trial. He makes no argument that the circuit court abused its discretion or applied its discretion thoughtlessly, without due consideration, or improvidently.

Here, we hold that the amount awarded was not excessive since it was based on the parties' incomes as applied to the chart. Administrative Order No. 10 sets forth child-support guidelines in accordance with the income of the noncustodial parent in the form of a family

support chart. Reference to the chart is required, and there is a presumption that the amount of child support calculated pursuant to the current family chart amount is reasonable. *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000).

In the case before us, the circuit court complied with Administrative Order No. 10, as it is required to do. Pursuant to the chart, Kirk's child support was calculated as $6,470 a month. However, the circuit court went further and entered written findings to justify what amounted to a downward deviation in child support. The circuit court applied the facts in this case, recognizing that the parties have joint custody of the children. The circuit court therefore reduced the amount of child support Kirk is required to pay by subtracting the amount that Ana would owe if she were required to pay child support to offset the amount for the joint-custody arrangement. In addition, the circuit court further gave Kirk a credit of $583.33 a month for half of the private-school tuition for the parties' oldest child. Therefore, instead of Kirk being required to pay child support of $6,470 a month, the circuit court reduced his obligation to $4,743 a month by taking into consideration the parties' joint-custody arrangement and the private-school tuition.

In order to demonstrate that the ruling was erroneous, Kirk must show that the circuit court abused its discretion by making a decision that was arbitrary or groundless. *Kelly v. Kelly*, 2014 Ark. 543 at 5–6, 453 S.W.3d 655 at 660. He has not done so; therefore, we affirm the circuit court's finding of child support in this case.

Finally, Kirk argues that the circuit court erred in awarding retroactive child support to the date of the parties' separation. The parties separated and established separate

households on February 1, 2019. Thereafter, the parties paid their own expenses and those of the children while in their care. Ana testified that she received no financial support from Kirk after they had separated and that she reduced expenses in many ways to make ends meet.

In *Pardon v. Pardon*, 30 Ark. App. 91, 782 S.W.2d 379 (1990), the award of child support, which was ordered to commence retroactive to the date of the mother's petition to establish the father's child-support obligation—rather than the date of the hearing as the father requested—was affirmed. The *Pardon* court held, "The commencement date of an award of child support is a matter within the discretion of the trial court. . . . Thus, in various instances it has been held proper for the court to fix the effective date of an order of child support from the date of filing of the petition or complaint, or from the date of trial, or from the date of the parties' separation." *Id*. at 93, 782 S.W.2d at 380 (quoting 27C C.J.S. *Divorce* § 684 (1986)).

In this case, Ana filed for divorce on January 15, 2019--specifically requesting that Kirk be obligated to pay child support for the parties' three minor children. Kirk argues that Ana never requested temporary support and that he provided for the children's support during the pendency of the divorce case. However, Kirk provided no evidence of any support paid to Ana.

Further, the mortgage that Kirk refers to paying for the children is actually for funds used to purchase the new residence where he was living, not for the home in which Ana resided after the parties' separation. The circuit court ordered Kirk to provide--within ten

9

days--the documentation for the expenses he claimed to have paid, but he did not do so. Kirk has failed to show an abuse of discretion here. The evidence supports the circuit court's findings and conclusions. Given the record before us and given our standard of review, we affirm the divorce decree in its entirety.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Traci LaCerra*, for appellant.

*Barry E. Coplin*; and *Montgomery Wyatt Hardy, PLC*, by: *Betty J. Hardy*, for appellee.